KENNETH L. TISCHER, Appellee, v. CITY OF COUNCIL BLUFFS et al., Appellants.

No. 45668.

April 7, 1942.

Miller, Huebner & Miller, for appellants.

Nathan E. Gillin and Tinley, Mitchell, Ross, Everest & Geiser, for appellee.

HALE, J.—The claimant, Kenneth L. Tischer, on June 11, 1931, while in the employ of the defendant City of Council Bluffs, driving a truck, was injured when he was attempting to lift a barrel of garbage onto the truck and such barrel slipped and struck him about the left hip. He was receiving $100 a month for his services as garbage collector. He was paid compensation for a total of 22 weeks. On September 29, 1931, claimant signed an application for commutation, prepared by his attorney and mailed to the industrial commissioner.

Claimant's attorney several times wrote to Commissioner Funk. In a letter dated October 2, 1931, he stated that: "* * * client is extremely anxious to get this money now and pay for rent, groceries, and harassing creditors, and wants to get back on the job again." He arranged for securing the proper papers, and on October 6, 1931, he stated in a letter to Mr. Young, the deputy industrial commissioner, that he had filed a memorandum of agreement and application to commute, and again urged early action "as client is daily inquiring and beseeching me to close the matter." The attorney also forwarded a letter from Dr. Weinberg of Omaha, and there was a report from Dr. Sternhill of Council Bluffs. Dr. Weinberg's letter stated that the patient had made a very satisfactory recovery and would be capable of performing heavy labor within two months (from September 29, 1931). Dr. Sternhill, who attended Tischer, stated in his report and on this hearing, that he was of the opinion Tischer would be able to resume his former employment by December 1, 1931, with no permanent disability; that he and Dr. Weinberg estimated that Tischer would be able to return to his work in about two months after September 29, 1931; and that on October 6, 1931, he considered it very reasonable and probable, and a reasonably correct prognosis, that Tischer would be able to return to work in a month or two, and that there would be no permanent disability. Dr. Sternhill also made several reports, shown in the record as exhibits, the first of which was dated June 17, 1931, and estimated that the claimant would be able to return to work in about two weeks. The second report, dated July 1, 1931, stated that it was not likely that permanent injury would result. A third report showed that the patient was discharged as improved September 25, 1931, and would be able to

resume work on or about December 1, 1931, and that there was no permanent disability.

It is not shown that the deputy commissioner ever had a formal hearing, but there is evidence that Industrial Commissioner Funk gave the deputy commissioner instructions concerning the proceedings, instructing him to make an investigation, and that Mr. Young, the deputy, did go to Council Bluffs, taking with him the file of the claim. As to the nature of the investigation the record does not disclose. It is shown that the claimant, through his attorney, requested the commutation, and it was at his solicitation that it was made.

The order of commutation made on October 6, 1931, was on the blank used for that purpose by the commissioner. This blank contained the application by Tischer, alleging the date of the injury, that he was entitled to 22 weeks' compensation at $15 per week, that he had received 12 weeks' compensation to September 20, 1931, and full commutation for the remaining period would be $150, not to be discounted. The application alleged that:

"The period during which compensation is payable can be and has been definitely determined, settled, and agreed upon. That it is for the best interest of claimant that future payments be computed and now made in lump sum, and that periodical payments as compared with lump sum payment will entail inconvenience upon the employer. That said employer and insurance carrier is denying further liability from and after September 20, 1931, and by agreement with claimant in settlement thereof have offered $150.00 in lump sum payment in full settlement and release.

"This application is signed with the distinct understanding that commuted settlement by lump sum payment in full of all installments to become due erects a legal bar against any further recovery whatever on account of the injury or death recited herein.

"Presentation of petition for commutation to the district court is hereby waived.

"For all legal services in connection with this case, there

shall be paid no more than $37.50 to Harry L. Cherniss, attorney for claimant.

[Signed] Harry L. Cherniss     [Signed] Kenneth L. Tischer,
       Atty. for Claimant.                  Claimant.

"Accepted and agreed to by: City of Council Bluffs, Iowa, Employer and United States Fidelity & Casualty Co. Ins. Carrier, by I. R. Lang."

The application was signed and verified by Kenneth L. Tischer, before Harry L. Cherniss, a notary public, on September 29, 1931. At the bottom of the paper and following the application is the following:

"COMMISSIONER'S APPROVAL AND ORDER.

"This application is duly approved. Parties in interest having waived presentation of petition for commutation to the district court, lump sum settlement is hereby ordered on terms and conditions herein stated.

Des Moines, Iowa, Oct. 6, 1931     Ralph Young
John T. Clarkson,                Deputy Iowa Industrial Com-
Ind. Comm.                     missioner."

On October 8, 1931, the money agreed upon was paid to the claimant and he signed a final receipt and release for compensation.

Several years afterward, on May 12, 1937, the claimant filed application for reopening the case. There is no evidence in the record as to what was done with this application. On the 19th day of February 1938, the claimant filed an application for vacation of commutation and review, which was of considerable length but it may be summarized as follows: (1) That he was not fully advised as to the meaning and legal consequences of the application signed by him on September 29, 1931, asking for the commutation; (2) that the period for which compensation was payable could not have been definitely determined at the time the commutation was approved and that there was no satisfactory evidence presented to the deputy commissioner indicating that the period during which the claimant would be disabled could be definitely determined; (3) that at the time the application for commutation was presented to the

deputy commissioner and the final approval thereof given there was no advantage to claimant, but an injustice was worked on him; (4) that it was an abuse of discretion for the deputy commissioner to approve or grant such commutation; (5) that claimant, from the day he was injured, June 11, 1931, continued to be at least partially disabled and unable to fully perform the type of work in which he was engaged, and has never recovered from the injury; and (6) that the City of Council Bluffs and the insurance carrier did not, in a legal manner or by an accredited agent, waive the presentation to the district court of Pottawattamie county, and that there was no waiver, and such failure to waive presentation rendered the commutation void and invalid. He further stated, first, that the compensation paid was on the basis of time lost from his employment and not on the basis of any permanent partial disability or permanent total disability; and second, that his condition had grown progressively worse as a direct result of the injury he received on June 11, 1931. Further claims were made as to his condition, inability to perform labor, that the extent of his injuries was not thoroughly understood at the time the original payments were made; and he alleges that he is at this time entitled to be compensated at the rate of $15 per week for 400 weeks, being the amount of permanent total disability, subject to credit for $330 already paid, and that he is further entitled to an allowance of $255 for additional and necessary medical treatment. His prayer is that, after the setting aside of the alleged commutation, this matter be reopened and reviewed.

In answer the defendants deny that there was no satisfactory evidence produced or presented to the deputy industrial commissioner, and allege that there was evidence before the deputy commissioner, and the claimant's own sworn statement that:

"The period during which compensation is payable can be and has been definitely determined, settled, and agreed upon."

They further allege that there was submitted to the deputy commissioner a report from claimant's physician showing his opinion that the claimant would be fully capable of performing heavy labor within two months from September 29, 1931. They

further specifically deny that the commutation was approved or ordered without any showing that it would be for the best interest of the claimant. They refer to letters and to claimant's statement and request for commutation. They deny that there was not a legal waiver of presentation of the application for commutation to the district court, and allege that the claimant is estopped to deny the validity, legality, and binding force of the commutation because such order was made at the instance of the claimant and in reliance upon the claimant's sworn allegation, and that the claimant has been paid and has retained the sum of $150 as a full and final payment of workmen's compensation due on account of the injury and in satisfaction of said order of commutation, which is evidenced by a final receipt and release for compensation executed by the claimant and filed with the industrial commissioner. They make much the same denial and allegations as to division 2 of the claimant's petition, claim a complete discharge by reason of payments, allege that no appeal was taken from the order of commutation, and that the payment by the insurance carrier fully discharged the defendants from further liability, that the order of commutation is res adjudicata, and that the claimant is not now entitled to recover any additional compensation, and is barred from maintaining this action under Code section 1457.

An amendment to the answer was later filed alleging that the deputy commissioner approved the application and entered the order for a commuted lump-sum settlement, and there was no appeal taken by either party from said approval and order entered on October 6, 1931. The amendment further averred that the compensation fully compensated the claimant for any disability suffered by him, and that such disability has not increased since the approved order of commutation was made on October 6, 1931, and as said approval and order constitute a final adjudication of the nature and extent of claimant's disability, he is not now entitled to have the cause reopened and reviewed or to recover any additional compensation. There was a hearing before the industrial commissioner on November 14, 1938.

The industrial commissioner, on May 25, 1939, rendered and filed an extended opinion, decision, and award, consisting of 60 pages of the abstract. It is not possible to review this fully, but

the decision set aside the former order and was against both defendants. The amount of such award was for the balance of 378 weeks at the rate of $15 per week, amounting to $5,670, with interest at 6 per cent from the date of the final order, and also for costs taxed against the defendants, and an additional amount for medical services. From this opinion, decision, and award an appeal was taken to the district court, and on December 12, 1940, decree was entered and judgment was rendered thereon, and from such decree and judgment the City of Council Bluffs and the United States Fidelity & Guaranty Company, defendants, appeal.

█ The defendants allege that the district court erred in affirming and not reversing the industrial commissioner's order of May 25, 1939, vacating and setting aside the commutation and lump-sum settlement made by the parties, and approved and ordered by the deputy commissioner on October 6, 1931, said defendants claiming that, since the industrial commissioner found no conflict in the evidence except as to the extent of disability and the record shows no substantial or material conflict in the evidence, the commissioner's findings are not binding on appeal and are reviewable de novo. It is also urged that, since the industrial commissioner acted without or in excess of his powers in setting aside said commutation and lump-sum settlement, the question of review of the present order is jurisdictional, and the commissioner's findings and rulings thereon are reviewable de novo on this appeal. We hold with the defendants on this proposition, since, if the commissioner acted beyond his powers—in other words, if he had no right to review the holdings of the former commissioner and deputy commissioner, under the facts and circumstances of this case—there would be a right of review of his action in this court or in the district court. The defendants cite the case of Bidwell Coal Co. v. Davidson, 187 Iowa 809, 174 N. W. 592, 8 A. L. R. 1058, in support of their proposition; and we think the district court, as stated in the foregoing case, may review the action of the commissioner, even to the extent of finding the facts to be other than as the commissioner found, when the question in issue is as to the jurisdiction of the commissioner.

█ Defendants next argue that as the statutory provisions for the order of the commutation by the industrial commissioner

or his deputy were substantially complied with, or the record fails to show otherwise, therefore, such order of commutation made by the deputy industrial commissioner on October 6, 1931, is valid, final, and conclusive and it was error for the industrial commissioner to cancel, vacate, or set aside the same. With this proposition of the defendants we also agree.

Code section 1405, which provides for commutation, provides three requisites:

"1. When the period during which compensation is payable can be definitely determined. 2. When the written approval of such commutation by the industrial commissioner has been filed in the proceedings to commute. 3. When it shall be shown to the satisfaction of the court or a judge thereof that such commutation will be for the best interest of the person or persons entitled to the compensation, or that periodical payments as compared with a lump sum payment will entail undue expense, hardship, or inconvenience upon the employer liable therefor."

Section 1406 provides for written petition for commutation to the district court or a judge thereof, with notice to the opposite party, but that in any case the parties in interest may agree in writing to waive presentation of the petition for commutation to the district court, and in such case, if the application is approved by the industrial commissioner, governed by the law applicable to the district court, he may enter an order for commutation, which shall have the same force and effect as if made by the district court. Section 1407 provides for the basis of commutation, which shall be a lump sum, to be paid in an amount which will equal the total sum of the *probable* future payments capitalized at their present value and upon the basis of interest calculated at 5 per cent per annum. It further provides that:

"Upon the payment of such amount the employer shall be discharged from all further liability on account of such injury or death, and be entitled to a duly executed release, upon filing which the liability of such employer under any agreement, award, finding, or judgment will be discharged of record."

In his opinion the commissioner, on this subject, says:

"Our views of the law thus far expressed are on the theory

that the Deputy Commissioner when he made the order in question did have jurisdiction of the subject and parties, but the important question in the case at bar is, did he have jurisdiction of the subject matter in question? That is, does the record without inference or conjecture fairly disclose that both of the parties did in writing agree to waive presentation of the application in question to the District Court for an order of commutation?''

He further says:

''It is therefore evident that in the case at bar, if claimant is not entitled to the relief demanded, it must in the first instance be on the ground that the order in question is a valid binding determination equivalent to a judgment of a court of competent jurisdiction with power to act, which means that the essential existing fact did exist to give the Deputy Industrial Commissioner power to act in making the order in question. The required existing jurisdictional fact in question being, did the parties agree in writing to waive the presentation of the application to the District Court for an order of commuted lump sum settlement?''

It is thus evident that the commissioner in this case found that as one of the prerequisites to his right to review there must be no valid waiver of the presentation of the commutation agreement to the district court. Now, as stated heretofore, the deputy commissioner in 1931 did find that the period during which compensation is payable can be definitely determined; that it was shown to his satisfaction that such commutation was to the best interest of the claimant, and that it would not entail undue expense, hardship, or inconvenience upon the employer liable therefor, and that the parties had agreed in writing to waive presentation of the petition for commutation. We think that as to these general principles the defendants are right in their contention that the requirements shall be substantially complied with. The general purpose of the Workmen's Compensation law is not that either party may take advantage of technical objections to its requirements when the substance of the statute is so complied with. Defendants cite Reeves v. Northwestern Mfg. Co., 202 Iowa 136, 209 N. W. 289, where there was a holding that the requirement of the statute as to indorsement

upon the application by the industrial commissioner was sufficiently complied with by filing his separate approval. And so in Bidwell Coal Co. v. Davidson, 187 Iowa 809, 818, 174 N. W. 592, 595, 8 A. L. R. 1058, supra, wherein the court says:

"* * * the court is bound, not to a narrow, technical construction, but rather to a broad and liberal construction, to make effectual the very purposes for which the law was passed."

See, also, Porter v. Mapleton Elec. L. Co., 191 Iowa 1031, 183 N. W. 803, and Rish v. Iowa Portland Cement Co., 186 Iowa 443, 170 N. W. 532.

Code section 1441 provides for liberal rules of evidence:

"While sitting as a board of arbitration, or when conducting a hearing on review, or in making any investigation or inquiry, neither the board of arbitration nor the commissioner shall be bound by common law or statutory rules of evidence or by technical or formal rules of procedure; but they shall hold such arbitrations, or conduct such hearings and make such investigations and inquiries in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto. Process and procedure under this chapter shall be as summary as reasonably may be."

We believe that the deputy commissioner, acting in 1931, in view of this Code provision and the authorities pointed out, was bound to such compliance with the statute only as was best suited to ascertain and conserve the substantial rights of the parties.

Code section 1406 provides that, in proceedings for commutation:

"The court or judge in term time or vacation shall hear and determine the matter as a proceeding in equity and render such judgment and decree, granting such commutation in whole or in part or dismissing the petition, as equity will warrant on the facts presented."

And where there is a waiver under such section, the commissioner is likewise governed, in the words of the statute, "by the law applicable to the district court"—in other words, by the

principles laid down in section 1401 heretofore mentioned. If, therefore, the deputy commissioner, in examination of the proceedings at the time such order of commutation was made, determined that he could properly conclude therefrom that the period during which compensation was payable could be definitely determined, such finding would be conclusive in this case, provided the other requisites necessary to his approval of the order were substantially complied with.

█ We do not agree with the commissioner on the attempted rehearing that there was not sufficient evidence before the deputy commissioner in 1931 to warrant such finding that the probable period could be determined. He had before him the certificates of the doctors in the case. What other examination he made, if any, as heretofore stated, the record does not disclose. But he had also the sworn statement of the person most in interest—the claimant herein—attached to the application for commutation, prepared for the claimant by his attorney, in which it was specifically stated that the period during which compensation was payable could be and had been definitely determined, settled, and agreed upon. Under the rules pertaining to the proceedings, by which in workmen's compensation cases both the commissioner and the district court are bound, such sworn statement was sufficient to warrant the execution of the order by the deputy commissioner. It needs no citation of authorities to hold that admissions made in the pleadings forming the issues may be considered without being introduced in evidence. When such admissions are made no proof is required, and the person who makes such an admission is bound thereby. Were this not the law it would be difficult for the district court and the commissioner to proceed. Our authorities go so far as to hold that such a statement in the pleadings in the district court is conclusive. See Wilson v. Oxborrow, 220 Iowa 1135, 1142, 264 N. W. 1, 5. It is sufficient to say that under the facts presented to the deputy commissioner at the time of the order approving commutation he was justified in finding that there was sufficient proof to authorize the order of commutation, not only in view of the sworn statement of the claimant but of the certificates filed with such application. And likewise, we hold that under the record before him he was entitled

to find that such commutation would be to the best interest of the claimant.

He knew, from the urgent requests of the claimant and claimant's counsel, that, so far as they were concerned, it was desirable that the matter be closed soon, and he had a right to rely upon the evidence and to find that it would be to the best interest of the claimant that such commutation be made.

Under the statute, section 1406, the petition must be presented to the district court or there must be a waiver. Attention is devoted to this question in the commissioner's opinion on the application to reopen. Apparently it was his holding that there was not such a waiver as is required by law to authorize the deputy commissioner to approve. In this we do not agree with the commissioner. An examination of the application which we have heretofore set out is sufficient to indicate not only that the claimant agreed but that the two defendants, by their duly authorized representatives, agreed to every proposition contained in such application. If the words, "Accepted and agreed to by: City of Council Bluffs, Iowa, Employer, United States Fidelity & Casualty Co., Ins. Carrier, by I. R. Lang," are not sufficient to constitute a waiver on their part, we know of no form of words that could do so. By stipulation it is agreed that the word "casualty" in the acceptance should have been "guaranty," and applied to one of the present defendants, and that the acceptance was signed by Lang for and on behalf of defendants. Whatever the force may be of the finding of the deputy commissioner when he states, "That the parties in interest having waived presentation of petition for commutation to the district court, a lump sum settlement is hereby ordered on terms and conditions herein stated," we think there is no escape from the fact that the parties did specifically waive the presentation to the district court. We doubt if any district court anywhere would listen to the defendants' plea, if they should present it, that they have not agreed to a waiver of such presentation. When such agreement was signed and duly approved, it would seem that the agreement meant what it said, and that it was the distinct understanding that the commuted settlement would become a legal bar against any further recovery.

If there were no such understanding on the part of the claim-

ant, then, in pursuance of such agreement money was paid, it would seem to us that the elements of estoppel would be present. Such has been our holding in various cases, in other matters and also under the statute here under consideration. In the case of Stricklen v. Pearson Const. Co., 185 Iowa 95, 98, 169 N. W. 628, 629, wherein an award had been made under the Workmen's Compensation Act and the plaintiff thereafter attempted to recover exemplary damages in addition to the damages awarded him, the court says:

"In short, plaintiff having accepted compensation from his employer for the injuries of which he complains, can have no standing in court to assert the employer's further liability to him on that account."

See, also, Mohler v. Estate of Shank, 93 Iowa 273, 61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274; White v. Harvey, 175 Iowa 213, 157 N. W. 152; Baird v. Connell, 121 Iowa 278, 96 N. W. 863; Newcomer v. Newcomer, 199 Iowa 290, 201 N. W. 579; Ellis v. White, 61 Iowa 644, 17 N. W. 28; 34 C. J. 930—all cited by the defendants herein. The general rule stated in 34 C. J. 930, section 1335, is that:

"A party who seeks and obtains a particular judgment cannot afterward repudiate or impeach it or avoid its conclusive effect by setting up claims or alleging facts inconsistent with his former contention, * * *."

In seeking to have the former order set aside claimant is seeking to repudiate and impeach the former award, which was obtained at his insistence and by his consent. The statute provides that if either party is dissatisfied with an award the right of appeal exists. No appeal was taken; no complaint was made, nor has one ever been made until the application for setting aside the former order was filed. We must hold that, in view of these facts, and the provisions of the Workmen's Compensation law to which we have referred, the claimant would have no right, after the lapse of seven years, to disturb the finding made by the deputy commissioner at claimant's own request and to which he had subscribed, and that to do so would be in violation of the intents and purposes of the compensation law, which is intended

to and does provide for a speedy determination of the rights of the parties in the event of injury or death growing out of and in the course of the employment.

While we are bound by the law to accept as final the ruling of the industrial commissioner as to some matters, yet, in a case such as this, involving, as it does and as is stated by the commissioner in his opinion, the question of jurisdiction, we have the right either to modify, reverse, or set aside, on the ground that the commissioner acted without or in excess of his powers, which, of course, involves the question of jurisdiction. The powers of the industrial commissioner are purely statutory. See Stice v. Consolidated Indiana Coal Co., 228 Iowa 1031, 291 N. W. 452. We know of no statute under which the commissioner may proceed except section 1457 of the Code, which reads as follows:

"Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee at any time within five years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon."

At the time the original award and commutation were made the section was in the same words, with the exception of the words "within five years from the date of the last payment of compensation made under such award or agreement." The latter words were added by the Forty-fifth General Assembly, chapter 26, section 1, and took effect July 4, 1933. So that at the time the award was originally made the powers of the commissioner extended to a review at any time, provided the other conditions of the section were present—that is, that the amount awarded had not been commuted and that there was a change in the condition of the employee. Under the statute the commissioner had no power to review, even though the statute did not extend his rights to any time in the future, because the commutation had been made. But it is asserted by the claimant that there had been

no legal commutation and that therefore the commissioner's powers were not limited by the provision excepting commuted cases and he was free to act. We have discussed the question of validity of the commutation and find against the claimant's theories in that respect, so that there would be no jurisdiction on the part of the commissioner at this time to reopen the case, holding, as we do, that there was a valid commutation.

█ But we think that on another ground the commissioner would be barred from reopening the case at this time. The addition of the words limiting his right to review to five years from the date of the last payment deprived him of his power to review except as to matters arising within those five years. Claimant asserts, and defendants deny, that this amendment of 1933 was a statute of limitation and that, under the general rule pertaining to such statutes, unless it is expressly so stated in the statute it could have no retroactive effect. That this is the general rule as to statutes of limitation there is little doubt. But the defendants insist that this is not a statute of limitation as to this particular section but is merely a statute limiting the power of the commissioner to any act involving the reopening of the award within the period prescribed. With this contention of the defendants we are disposed to agree. We think that there is a material distinction between a statute conferring jurisdiction and fixing the time within which it may be exercised and a statute of limitations. The Workmen's Compensation law is not such a proceeding as was recognized at the common law, but it is a proceeding which in itself creates a new liability and fixes the time within which such action may be commenced. We think that this is not a statute of limitation, but is, rather, a power conferred on the commissioner which must be exercised within the time prescribed by law. The power of the commissioner is under and by virtue of such act, the act itself creating his authority and prescribing when such authority must be exercised. We are inclined to think that any action, whether the cause of action accrued prior to the enactment of the amendment or thereafter, must be commenced within the time prescribed by such amendment. Otherwise there is no authority for any action of the commissioner. Defendants cite and we refer to Johnson v. Keir, 220 Iowa 69, 261 N. W. 792, and Rish v. Iowa Portland Cement

Co., supra, as supporting this view. This view as to the Workmen's Compensation law has been held by some, although not all, of the states where this question has come up. See 37 C. J. 783, 785, section 123. Also, as stated in the same volume of C. J. 691, 693, section 10:

"Where the cause of action involved is one created by statute, and the time for commencing the action is a condition of liability, it is not a statute of limitations and will operate **retrospectively** if a contrary intention is not manifest."

We are satisfied that in the case at bar the Workmen's Compensation statute never contemplated, and was not designed for the purpose of, including a change in awards which were originally made for the very purpose of accomplishing speedy justice. To permit the unsettling of claims which both parties had a right to consider as disposed of is not authorized by law and would be detrimental to the very spirit and purpose of this form of legislation. It is the universal holding that judgments and decrees of courts should be binding and conclusive, and so, we think, should be the rulings of the industrial commissioner, and in the absence of fraud or mistake or some equitable ground for disturbing them, or some statutory ground granting authority and jurisdiction to the commissioner, they should be fixed.

Our holding must be that there was no authority to the commissioner to reopen and therefore no authority to grant any new or additional award, and that no such authority, under the facts of this case, exists under the law. The judgment and decree of the district court sustaining the findings and order of the commissioner must, therefore, be reversed.—Reversed.

All JUSTICES concur.