DORCE B. SECREST, Appellant, v. GALLOWAY COMPANY et al., Appellees.

No. 47146.

(Reported in 30 N. W. 2d 793)

FEBRUARY 10, 1948.

Jordan & Jordan, of Cedar Rapids, and Ralph U. Woodcock, of Des Moines, for appellant.

Miller, Huebner & Miller, of Des Moines, for appellees.

HAYS, J.—The sole question presented on this appeal concerns the interpretation of section 1457, Code, 1939 (86.34, Code, 1946), being a part of what is known as the Workmen's Compensation Act. The facts are not in dispute.

On July 22, 1941, claimant sustained injuries compensable under said act. Under a memorandum of agreement, entered into on October 31, 1941, compensation in the amount of $25.70 was agreed upon, and on said date full and final payment was made. On December 7, 1945, claimant applied for a review under section 1457. Upon a review the industrial commissioner found a change of condition and awarded additional compensation. Upon appeal to the district court, the commissioner's ruling was reversed upon the basis that under said section the application had not been made in time. From judgment in accordance therewith, claimant appeals.

As originally enacted this section provided that at any time, the commissioner, on application of either party, might review the award. This was amended in 1933 by providing at any time "within five years from the date of the last payment of compensation." Chapter 26, section 1, Acts of the Forty-fifth General Assembly. This was again changed in 1945 (chapter 77, section 6, Acts of the Fifty-first General Assembly) and said section 86.34, Code, 1946 (1457, Code, 1939), now reads as follows:

"86.34 Review of award or settlement. Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee at any time within three years from the

date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon."

The last payment, as agreed upon, was made on October 31, 1941. At that time the above section provided for a review within five years from date of last payment. In 1945 the five-year period was reduced to three. Acts Fifty-first General Assembly, supra. On December 7, 1945, claimant applied for a review as provided for in said section. It will be noted that the application was made within five years from date of the last payment. It was also made within three years from the effective date of the 1945 amendment, which was July 4, 1945. It was not made within three years from the date of the last payment, October 31, 1941. This takes us to the principal question raised on this appeal which is whether the amendment of 1945 reducing the time from five to three years applies to injuries that had taken place, and an award made thereon, prior to such amendment.

Workmen's Compensation Acts are statutory and are, in various forms, in effect in many jurisdictions. However such acts are not uniform and vary in the several states, both as to content and rules of construction adopted by the courts. Appellees cite many authorities from various states as bearing upon their theory. Appellant could likewise cite authorities, equally strong, tending toward his theory. See annotation in 165 A. L. R. 9. However, none of them is of particular benefit in determining this appeal as it is the Iowa act with which we are concerned, examined in the light of its own wording, historical background and judicial interpretations of this court.

 The authorities agree that such acts are in derogation of the common law. Under their provisions, the employer on the one hand relinquishes certain defenses available to him at common law and the employee on the other hand relinquishes all right of action based upon the principles of common law. In some of the states the act is compulsory while in others, it is elective. The Iowa act falls in the latter group. Under our

act the duties and liabilities, where the act is accepted by employer and employee, are held to be of a contractual, rather than a statutory, nature. In Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, 1355, 172 N. W. 191, 194, we say:

"Our statute is confessedly elective. * * * Where the statute is elective as to both employer and employee, payment of compensation is not the performance of a [statutory] duty, but the performance of conditions in the contract of hiring * * * by means of reading the compensation statute into the contract. * * * We know of no reason why parties may not, by contract, fix standards of settlement to be any definitely contracted-for method, unless there be some statutory or constitutional objection to such an agreement. The entire structure of the Iowa act not only fails to prohibit such a contract, but, by being elective, creates a contractual relation under a contract providing for settlement on a standard fixed by the Iowa act."

See, also, Haverly v. Union Constr. Co., 236 Iowa 278, 18 N. W. 2d 629.

█ Under the Iowa act, there is created a system for arriving at a just settlement for injuries sustained by an employee. In place of the matter being brought in the district court, an industrial commissioner is created with exclusive authority, in the first instance, to determine the questions involved. Under our original act he was vested with authority not only to make an award, but, having made such award, to later review the same with power to increase, diminish or annul, as conditions might warrant. The right to these privileges, among others, is given in exchange for the release of common-law rights. These rights are, under our elective system, a part of the contract of hire. This fact, together with the purpose of the act, has brought about a policy of liberal construction. As stated in the Pierce case, supra, at page 1350 of 185 Iowa, page 192 of 172 N. W.:

"The statute is highly remedial, and is to be construed as such statutes are. Howsoever the cases may differ, there is no difference as to the rule that such statutes as this shall have a

broad and liberal construction in aid of accomplishing the object of the enactment."

As originally enacted there was no time limit after the happening of the injury within which original proceedings should be commenced before the commissioner. By amendment, section 1386, Code, 1939 (85.26, Code, 1946) was enacted. By this amendment the original proceedings must be brought within two years after the injury. In the case of Hinrichs v. Davenport Locomotive Works, 203 Iowa 1395, 1398, 214 N. W. 585, 586, this court had before it, as applicable to section 1386, the same question now before us, as applicable to section 1457. There, speaking through Justice Stevens, we said:

"Prior to the enactment of Section 1386 * * * there was no statute of limitations applicable to claims arising under the Workmen's Compensation Law. The present statute limits the time within which original proceedings may be commenced to two years after date of the injury causing the disability. More than two years elapsed thereafter before this action was commenced. The question, therefore, is as to the applicability of Section 1386 thereto. There is nothing in the specific language of the statute to indicate that it was the intention of the legislature that it should be given retroactive effect, nor do we find anything therein from which such intention may be implied. * * * The rule apparently of almost universal application is, however, that a statute of limitations will be given retroactive effect only when it appears by express provision or necessary implication that such was the legislative intent. [Citing cases.] Section 1386 is not, therefore, applicable."

In Otis v. Parrott, 233 Iowa 1039, 1044, 8 N. W. 2d 708, 712, while the same question was not involved, the holding in the Hinrichs case, supra, was recognized as follows: "The court then went on to conclude that section 1386 had no retroactive effect." At pages 1045, 1046 of 233 Iowa, page 712 of 8 N. W. 2d, we say:

"The Workmen's Compensation Law creates a right of action, but by section 1386 it conditioned the enforcement of the right to the institution of proceedings within the prescribed

period of two years. The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. * * * It is the right to claim benefits under the act that is lost after the lapse of two years." (Citing Tischer v. City of Council Bluffs, 231 Iowa 1134, 3 N. W. 2d 166.)

Strictly speaking, a statute of limitation affects the remedy, not the right. A general limitation statute is defined in 34 Am. Jur., Limitation of Actions, section 3, to be "* * * the action of the state in determining that after the lapse of a specified time, a claim shall not be enforceable in a judicial proceeding." 37 C. J., Limitation of Actions, section 5, states:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether."

Under the statement in the Otis case, supra, and in accord with the other pronouncements of this court section 1386 is a special statutory limitation rather than a general one. However, under our rules of a liberal and broad interpretation of the act, the result is the same, regardless of name.

This appeal concerns section 1457, supra. As was true in the matter of the commencement of original proceedings, when this section was first enacted no time limitation existed. The commissioner had power to review at any time after an award had been made. By amendment, there was first placed a five-year period for an application to be made for a review, which is now reduced to three years. We are unable to find any distinction between the enactment of section 1386 and the amendment to section 1457. In each case there is authority given the commissioner to hear and determine the questions involved. In each case the legislature saw fit to require claimant, in section 1386, and employer or employee in section 1457, to

act within the prescribed time or lose the benefits granted under these sections. It is not a limitation upon the jurisdiction of the commissioner but is rather upon the right of interested parties to receive the benefits of the sections.

Upon this question of jurisdiction, in Miller Brewing Co. v. Capital Ins. Co., 111 Iowa 590, 596, 82 N. W. 1023, 1025, we said:

" 'The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a case is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected.' " (Quoting from Sheldon's Lessee v. Newton, 3 Ohio St. 494, 499.)

The theory of appellees is that the review by the commissioner, after the lapse of three years, was *coram non judice,* which is defined in 9 Words and Phrases, Perm. Ed., 645, as "Acts done by a court which has no jurisdiction, either over the person, the cause, or the process, are said to be 'coram non judice.' "

An examination of section 1457 and its history shows that the law has given the commissioner capacity to entertain an application for a review. It is not the commencement of a new proceedings but rather a continuation of one already pending. It would seem that even though the section be retroactive, any alleged error upon the part of the commissioner in entertaining the complaint after the expiration of the time limit is merely an error committed in a hearing wherein and when he had the capacity to hear. It is vastly different than "the want of jurisdictional facts to hear."

However, appellees cite Tischer v. City of Council Bluffs, supra, as authority for their contention that the limitation period in section 1457 goes to the jurisdiction of the commissioner to review, and, under the rule in such cases, the limitation is retroactive in the absence of a manifest intent to the contrary.

The Tischer case, supra, involved the question of whether

or not the amount of the award or settlement had been commuted. As before noted, section 1457 states: "Any award * * * made under this chapter where the amount has not been commuted, may be reviewed * * * ." In said Tischer opinion, at page 1148 of 231 Iowa, page 173 of 3 N. W. 2d, we said:

"Under the statute the commissioner had no power to review, even though the statute did not extend his rights to any time in the future, because the commutation had been made."

This is determinative of the case.
However, later in the opinion it is said:

"But we think that on another ground the commissioner would be barred from reopening the case at this time. The addition of the words limiting his right to review to five years * * * deprived him of his power to review except as to matters arising within those five years. * * * We think that this is not a statute of limitation, but is, rather, a power conferred on the commissioner which must be exercised within the time prescribed by law. The power of the commissioner is under and by virtue of such act, the act itself creating his authority and prescribing when such authority must be exercised. We are inclined to think that any action, whether the cause of action accrued prior to the enactment of the amendment or thereafter, must be commenced within the time prescribed." Page 1149 of 231 Iowa, page 174 of 3 N. W. 2d.

While there is respectable authority to this effect, the authorities are not in accord thereon. It would seem that this expression is contra to our pronouncement in the Hinrichs case, supra, which is not cited in the Tischer case. The only question of the authority of the commissioner in the Tischer case is raised in the answer to the application for a review. It is:

"The defendants further aver that the claimant is barred from maintaining this action under Code Section 1457 for the reason that the amount has already been commuted and for the further reason that said approval and order made * * * is res adjudicata."

176

Thus it is questionable at least whether the question is raised in the case. The order of the trial court, from which the appeal was taken, makes no mention thereof but deals entirely with the question of commutation. But assuming the question to be properly raised, the pronouncement made in the opinion is of little value as a precedent and contrary to our views expressed in the Hinrichs case, supra.

It is our judgment and we so hold that, notwithstanding our pronouncement in the Tischer case, section 1457, so far as the time limitation is concerned, is a limitation statute; that in accordance with our rule of "liberal and broad construction to attain the purposes of the Act," said limitation is not retroactive, and the trial court was in error in so holding.—Reversed.

MULRONEY, C. J., and OLIVER, BLISS, GARFIELD, and MANTZ, JJ., concur.