## THE STATE v. SMITH.

1. **Evidence:** ADMISSION: WHEN INCOMPETENT. Where a witness is permitted to testify to a matter of common observation, even though the evidence be incompetent its admission constitutes error without prejudice.

2. ———: CRIMINAL LAW. A defendant in a criminal case cannot complain of incompetent testimony which he has permitted to be introduced without objection.

3. **Criminal Law:** INDICTMENT. An indictment charging an offense in the language of the statute is not open to objection on account of its form.

4. ———: ———: "AND" USED FOR "OR." In section 3870 of the Code the word "and" may be construed to mean "or," and the offense charged therein may be committed by either parent.

*Appeal from Guthrie District Court.*

WEDNESDAY, OCTOBER 17.

THE defendant and Mrs. Allen Smith were jointly indicted for unlawfully exposing a child under the age of six years, of which they were alleged to be the parents, with intent to abandon it. The defendant was tried and convicted. He appeals.

*C. F. Loofbourow*, for the appellant.

*J. F. McJunkin, Attorney General*, for the State.

DAY, CH. J.—I. The theory of the State upon the trial was that the defendant, upon the arrival of the westward bound train of the Chicago, Rock Island & Pacific Railroad at Stuart, left the train with the child, carried it to the porch of the house of O. H. Savage, left it there, returned to the train and proceeded with it west. The train remained at Stuart about nine minutes. Savage testified that the depot is directly south of his house, distant two blocks of 350 feet each, two lots of 120 feet each and the crossing of three streets. He was then asked this question: "How long would it take to walk from the depot to your

house and back again?" This question was objected to as incompetent. The objection was overruled. The witness answered: "Should think not far from five minutes." It is claimed that this question was not competent as it does not involve the exercise of any skill or science, and the matter of it was within the knowledge of all men alike. This position may be admitted. Making a reasonable allowance for the width of streets, the distance from the depot to Savage's house and back is 1300 feet, or less than one-fourth of a mile. To walk this in five minutes would be at the rate of a mile in a little more than twenty minutes, or somewhat less than three miles an hour. If the rapidity with which one can walk is a matter of which all men alike have knowledge, then all men, including the jury, must have accurate knowledge upon the subject. It is a matter of common observation that a man can walk three miles an hour. If this is not a matter of proof, it is because the jury knew it without proof. The testimony of the witness, Savage, is not contradictory of, and opposed to, this knowledge of the jury, but in harmony with it. It cannot be that the defendant has sustained any prejudice by permitting a witness to state a fact which the jury know to be true, and which they would have been bound to accept and act upon if no proof had been introduced. That a stone thrown from a window will, by the force of gravity, reach the ground, everyone knows, and yet no prejudice could result if a witness should be allowed to testify to the fact.

II. It is claimed that the court erred in admitting in evidence the conductor's book and the telegraph operator's book, showing the arrival and departure of trains. The abstract shows that counsel for the State offered these books in evidence, that defendant objected to them as incompetent and immaterial, that the court reserved the question for consideration and after the argument had begun overruled the objection, but that the books were not read in evidence nor in any way referred to in argument. Whilst the court ruled the evidence was competent, it does not appear that the counsel for the State availed himself of the ruling. The abstract does not show that the books were introduced.

III. One Leavy, the telegraph operator at Stuart, was asked to state when train No. 3, bound west, arrived at Stuart. The question was objected to as incompetent at this stage of the proceedings. The objection was overruled, and the witness answered: " No. 3 arrived at Stuart at 11: 8 P. M., September 8th, 1875, coming from the east, and departed at 11: 17 P. M." In cross-examination it was disclosed that the witness had no independent knowledge of the time of the arrival and departure of trains, and that he derived his knowledge solely from entries in the telegraph operator's book, not made by himself. No objection was made to the testimony on this ground, nor was any effort made to exclude it from the jury. If this had been done, probably competent evidence of the fact would have been produced. We have frequently held that a defendant in a criminal case cannot complain of incompetent testimony which he has permitted to be introduced without objection.

IV. It is objected that the indictment does not sufficiently set forth the acts done by defendant, descriptive of the offense. The indictment, however, follows the statute and uses the language there employed in defining the offense. We think the indictment is, in this respect, sufficient.

V. At the March term, 1876, the defendant appeared, waived arraignment, and entered a plea of not guilty. At the same term, upon motion of the district attorney, a continuance was granted on account of the absence of witnesses. At the October term the defendant appeared and filed a motion to dismiss the cause for the want of diligent prosecution. This motion, we think, was, under the circumstances, properly overruled.

VI. The language of the statute under which the indictment is found, Code, Sec. 3870, is: " if the father and mother of any child under the age of six years     *     * *     .     * expose," etc. The language of the corresponding section, 4212 of the Revision, is, " if the father or mother," etc. In view of this change it is insisted that the crime cannot be committed unless the father and mother

jointly participate therein, or both know of the intention to abandon the child. It is claimed that the General Assembly must have intended something different from what existed before, or the change would not have been made. It is generally a rule of construction that where the language of a statute is materially changed, a change of meaning was intended. But this rule of construction must be considered in connection with others which are equally general. "It is a rule in the construction of statutes, that, in the first instance, the grammatical sense of the words is to be adhered to. If that is contrary to, or inconsistent with, any expressed intention or any declared purpose of the statute, or if it would involve any absurdity, repugnance or inconsistency in its different provisions, the grammatical sense must then be modified, extended or abridged, so far as to avoid such an inconvenience, but no farther. *Warburton v. Loveland*, 1 Hud. & Brooke (Irish), 2 Q. B. R., 648; *Tolderoy v. Colt*, 1 M. & W. 264. Penal statutes are to be construed strictly. By this is meant only that they are not to be so extended by implication, and beyond the legitimate import of the words used, as to embrace cases or acts not clearly described by such words. They are not to be made to involve an absurdity, or frustrate the design of the legislators. *Rawson v. The State*, 19 Conn. Rep., 299; *United States v. Goodwin*, 12 Wheaton's R., 460." See, 1 Kent, page *463, note, and *465, note. Under the construction contended for by appellant, if one of the parents of the child be dead, the survivor may expose it with intent wholly to abandon it with impunity. A construction involving such an apparent absurdity ought not to be placed upon the statute, if by any recognized and proper rule of construction it can be avoided. This court has held the doctrine to be elementary that the word *and* may be interpreted as a disjunctive, and the word *or* as a conjunctive, when the sense absolutely requires it. See *State v. Brandt*, 41 Iowa, 593 (614), and cases cited. We think, under these authorities, it is proper to treat the word *and* as a disjunctive, in order to free the statute in question of a construction which must at once strike the mind as involving an

absurdity, and, in many instances, frustrating the manifest legislative intent.

VII. It is further claimed that the verdict is not supported by sufficient testimony. A careful examination of the evidence introduced satisfies us that we cannot, upon this ground, disturb the verdict.

VIII. The defendant was sentenced to the penitentiary for four years. It is insisted that this sentence is excessive. The sentence is one year less than the maximum period allowed by the Code. A large discretion is vested in the *nisi prius* courts, in the pronouncing of sentences in criminal cases. We are not satisfied that there has been any abuse or improper exercise of that discretion in this case, nor do we think that the record presents a case in which it would be proper for us to reduce the amount of punishment. We have carefully examined the evidence admitted, and the instructions given, and, without in detail considering the other objections urged, we are of opinion that the record discloses no prejudicial error.

AFFIRMED.