L. J. DEUR, Appellant, v. LOCAL BOARD OF REVIEW OF CASS TOWNSHIP, Appellee.

No. 45917.

DECEMBER 15, 1942.

Fred E. Egan, of Missouri Valley, and Welch, Acrea & Welch, of Logan, for appellant.

Carl V. Burbridge and Roy E. Havens, both of Logan, for appellee.

MITCHELL, J.—On March 25, 1941, L. J. Deur was the owner of a farm consisting of approximately 61 acres in Section 19, Township 79, Range 41, in Cass township, Harrison county, Iowa, which was assessed for the purposes of taxation for the year 1941 at the rate of $35 per acre, exclusive of buildings, which were assessed at $535. Mr. Deur filed written objections to the assessed valuation, in which he asserted that the land had been assessed at far more than 60 per cent of the actual value as required by law. He pointed out the total valuation of the land and buildings as fixed by the assessor for tax purposes was $2,670, or $43.77 per acre, and that if said assessed valuation was 60 per cent of the actual valuation, as required by the amendment to the statute; the actual value of the land and buildings would be $72.95 per acre. There was no objection to the valuation placed upon the buildings. The Board of Review overruled said objections and Mr. Deur perfected his appeal to the district court. There was a trial at which evidence was offered as to the actual value of the land. The district court found that it was necessary to show not only an assessment in excess of 60 per cent of the actual value of the land but also that the assessment was discriminatory and inequitable, and dismissed the appeal of the property owner. Mr. Deur has appealed to this court.

The same identical question was decided by this court in a recent opinion covering an appeal from Harrison county,

the same county as the case at bar. In the case of Hanson v. Local Board of Review, 232 Iowa 390, 394, 4 N. W. 2d 384, 386, this court, speaking through Judge Garfield, said:

"The question with which we are confronted is substantially this: Should the court interfere with assessed values, fixed by the assessor and confirmed by the local board of review, merely because they are excessive, when it appears that they are not discriminatory or inequitable as compared with the assessed values of similar property in the same taxing district? We answer in the affirmative."

The opinion then refers to the statute and to two recent Iowa cases, and then states—we quote from page 395 of 232 Iowa, page 387 of 4 N. W. 2d:

"It is to be observed that the statute (section 7109) provides 'the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable.' (Italics ours.) The use of the disjunctive by the legislature implies that the property owner is entitled to relief upon proof of an excessive valuation without proof of inequitable valuation in comparison with that of other properties.

"It is therefore our holding that where it clearly appears the assessed valuations fixed by the assessor are in excess of 60 per cent of the actual values, the property owner is entitled to relief upon appeal."

With the rule of law as set forth in the above case in mind, we turn to the record to ascertain the facts. The burden of proof to show that the valuation placed upon the property by the assessor is in excess of its actual value rests upon the property owner. This record shows that in the year 1940 the property was purchased by the present owner for $19.50 per acre. There is evidence of various witnesses that the actual value of the land, exclusive of buildings, is between $17.50 and $25 per acre. This is the testimony of witnesses produced by the appellant, including real-estate brokers, a former assessor, a banker, and farmers in the community. There was also a concession made at the time of the trial on the part of the appellee that the actual value of the real estate in question at the time it was assessed

did not exceed from $30 to $35 per acre. Giving consideration to all of the evidence, we hold that it clearly appears that the assessed valuation fixed by the assessor is in excess of 60 per cent of the actual value and that the appellant is entitled to relief; that the fair actual value of the property as shown by the evidence in this record is $30 per acre and that the assessed valuation would be 60 per cent of that amount. In addition to this, there being no dispute as to the value of the buildings upon the real estate, their taxed valuation is fixed at $535.

It is but fair to say that the distinguished and able trial court which tried this case did not have before it the opinion in Hanson v. Local Board of Review, supra, at the time the decree in this case was entered, the opinion in the Hanson case being rendered by this court after the decree in the case at bar.

This case is reversed and remanded with instructions to the lower court to enter a decree in conformity with this opinion. The costs in this court are taxed one half to the appellant and one half to the appellee.—Reversed and remanded with instructions.

All Justices concur.