IN RE TRUST OF HENRY W. LUNT.

No. 46908.

OCTOBER 15, 1946.

Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellants.

McCoy & McCoy and Thomas J. Bray, all of Oskaloosa, for appellees.

GARFIELD, C. J.—This is another of several suits to come before us which involve the Henry W. Lunt trust. The suit was instituted by Elba Lunt Van Gorden and Mattie Lunt Van Gorden, to whom we refer as plaintiffs, by the filing of what is called an application in the Henry W. Lunt trust. Each plaintiff has a one-fifth beneficial interest in the trust. Walter L. Lunt has a like interest. The remaining two-fifths interest is owned by Gordon R. Lunt. Half of Gordon's interest was acquired from Willie C. Lunt.

These are the facts that give rise to the filing of the application: In 1925 the trustees of the Henry W. Lunt trust and the owners of four fifths of the beneficial interests therein borrowed $7,500 from the Aetna Life Insurance Company by giving a note for that amount, secured by a mortgage on a farm of one hundred twenty-six acres, known as the Gable farm, which belonged to the trust. Proceeds of the loan were used to pay an individual debt owing to a bank by Willie C.

Lunt, then the beneficial owner of one fifth of the trust. The Aetna foreclosed its mortgage and bid in the Gable farm at the execution sale so that a deficiency judgment of $2,107 remained. Under a general execution to make this deficiency the Aetna levied on five hundred fifteen acres of land owned by the trust. One of the two trustees, the husband of one of these plaintiffs, asked plaintiffs to pay the deficiency. On May 9, 1939, plaintiffs paid $2,389 to satisfy the deficiency judgment with interest and costs.

The present application sets up most of the above facts and also states there are funds in the hands of the trustees available for distribution to the beneficiaries "according as they are equitably entitled thereto." The substance of the prayer of the application is for an order, "establishing and confirming their right to contribution from the other shares in the trust and from the other beneficiaries on account of said payment, fixing the amount of contribution due from each beneficiary, determining the claim of each beneficiary upon the fund in the hands of the trustees available for distribution," fixing the fair apportionment of the fund between the beneficiaries, making a charge in favor of plaintiffs against the interest of each beneficiary in the amount found due, requiring the trustees to make distribution accordingly, and for such other relief as is equitable.

Walter L. Lunt, individually and as trustee, and Gordon R. Lunt filed answers to the application. They admitted most of the allegations of fact in the application, but set up each of two prior adjudications as a bar to the present action. They also pleaded the bar of the statute of limitations. The prior adjudications relied upon were: (1) Upon Count I of a petition filed by these plaintiffs in 1942 against the trustees and remaining beneficiaries, in which recovery was sought against the trust for the amount paid to satisfy the deficiency judgment (see Van Gorden v. Lunt, 234 Iowa 832, 13 N. W. 2d 341); (2) in a proceeding commenced in 1943 by the trustees for authority to make distribution to the beneficiaries of trust income in which these plaintiffs set up the Aetna judgment and asked that the amount thereof be charged against the share

of Willie C. Lunt, for whose benefit the Aetna loan was made (see In re Trust of Lunt, 235 Iowa 62, 16 N. W. 2d 25). After the opinion of this court just referred to, the order affirmed by us was modified to provide for payment by Gordon R. Lunt of a sufficient amount to satisfy the judgment against Willie's share.

In reply to the answer, plaintiffs alleged, ''That this application asks contribution from the beneficiaries of the trust of their just and equitable shares of the payment made by these applicants to satisfy a judgment lien on the trust property.'' Plaintiffs admitted ''that no further claim can be made * * * against the said share formerly belonging to Willie C. Lunt * * * but allege they herein seek from the other beneficiaries of the trust liable therefor * * * just and equitable contribution to the payment made to relieve the property * * * from the lien of said judgment.''

At the outset of the trial, plaintiffs' counsel announced:

''The issues make a general claim for equitable contribution. I stated that I thought under the previous adjudications in this matter we could not sustain evidence of a claim against Willie's share or Gordon personally because Gordon did not sign the note and did not consent to it. Willie's share has already been charged with what it should pay. This case is what Walter, the third beneficiary, should contribute in this payment.''

Upon the trial little evidence was offered except for the files and records in the two previous cases decided by this court to which we have already referred. The trial court held that plaintiffs' cause of action was barred by the statute of limitations.

Section 614.1(5), Code, 1946 (section 11007, Code, 1939), provides that actions founded on unwritten contracts ''and all other actions not otherwise provided for'' must be brought within five years ''after their causes accrue.''

We think this action is one in which plaintiffs seek contribution from Walter L. Lunt because of plaintiffs' payment of more than their share of the common obligation of plaintiffs and Walter under the Aetna deficiency judgment.

Each plaintiff and Walter were equally liable to the Aetna, and equally liable as among themselves, to pay the Aetna judgment. Plaintiffs paid more than their share—their own, as well as Walter's. They now seek to recover from Walter the share of the common obligation he should have paid. Under the authorities the action in its nature is one for contribution. See 13 Am. Jur. 6, 7, section 3; 18 C. J. S. 2, section 1.

■ Plaintiffs' cause of action accrued on May 9, 1939, when plaintiffs paid the Aetna deficiency judgment. By plain inference we so held in Van Gorden v. Lunt, supra, 234 Iowa 832, 836, 13 N. W. 2d 341, 343. And see the authorities there cited; also, 37 C. J. 862, section 227.

This action was brought on August 23, 1945, more than six years after the cause accrued. We think the statutory period applicable here is five years and the trial court properly held the action barred by limitations.

■ In this state, the statute of limitations is applicable to actions in equity as well as those at law. Anderson v. Anderson, 234 Iowa 277, 282, 12 N. W. 2d 571, 574, and authorities cited.

It is unnecessary to determine whether the action here is based upon an implied contract or upon the equitable obligation to equalize the common burden. See 13 Am. Jur. 8, 9, section 5; 18 C. J. S. 3, 21, sections 2, 13a. The statutory period that governs actions upon unwritten contracts also applies to actions upon implied contracts. Anderson v. Anderson, supra, 234 Iowa 277, 285, 12 N. W. 2d 571, 576; 34 Am. Jur. 77, section 93; 37 C. J. 764, section 97.

Whether the action is based upon implied contract or upon principles of equity, it is governed by the five-year period applicable to actions founded on unwritten contracts "and all other actions not otherwise provided for." See 18 C. J. S. 21, 22, section 13b; 13 Am. Jur. 75, section 84; 34 Am. Jur. 77, 78, section 93; 37 C. J. 764, section 97. See, also, Preston v. Gould, 64 Iowa 44, 48, 19 N. W. 834; Novak v. Dupont, 112 Iowa 334, 83 N. W. 1062.

Plaintiffs concede they "would have been barred by the statute of limitations if they had brought an original suit for contribution against the other signers of the Aetna notes."

They contend, however, that ''having paid the debt of the trustees to the Aetna Life Insurance Co. [they] are entitled to be subrogated to their rights in settlement with the beneficiaries.'' And we are told plaintiffs ''have paid off a trust debt, at the request of a trustee.'' But we held in Van Gorden v. Lunt, supra, 234 Iowa 832, 13 N. W. 2d 341, that as between the trustees and the beneficiaries, the Aetna judgment was not an obligation of the trust but was the primary obligation of Willie, for whose benefit the Aetna loan was made and the secondary obligation of those beneficiaries who consented thereto and against whom the judgment was entered.

Our conclusion is not inconsistent with the decision in In re Trust of Lunt, supra, 235 Iowa 62, 16 N. W. 2d 25, in which we held the statute of limitations was not there applicable. The controversy there was commenced by the filing of an application by the trustees for authority to distribute $3,750 of trust funds among the beneficiaries, which stated there was a dispute as to what should be done with the share formerly owned by Willie that had been assigned to Gordon Lunt. These plaintiffs filed answer in which they asked that the full amount of the Aetna judgment be established as a lien against Willie's share. In their brief and argument in this court in that case these plaintiffs said at the outset, ''It will thus be seen that nothing was asked by these applicants solely in their own behalf, but only in behalf of the trust.'' The contention was there advanced that the statute of limitations commenced to run in 1925, when the Aetna loan was made. That proceeding was commenced and determined in the trial court within five years after the payment of the Aetna judgment. We very properly held that Willie's share was chargeable with $7,500, the amount of the Aetna loan, on the theory that such amount could be offset against Willie's share, regardless of the statute of limitations.

In argument in the present case, plaintiffs say of the former case to which we have just referred:

''The claim against Willie's share was against a different party and in a different right than the claim at bar. In truth it was not against any party at all, but was an action in rem,

to press a lien against an interest in real property. * * * It was against different parties. It asked for different relief. It did not ask for contribution, it asked to impress upon Willie's share the amount due from it, in favor of the trust.''

It is not argued that plaintiffs are entitled to be subrogated to the rights of the Aetna company, whose deficiency judgment they paid, and that the judgment should be kept alive, for the purpose of enforcing contribution against others jointly liable, until such time as it would have been barred in the hands of the Aetna. See 13 Am. Jur. 76, 77, section 87. Of course we express no opinion upon any such contention.— Affirmed.

OLIVER, BLISS, HALE, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.