BOARD OF DIRECTORS OF THE MENLO CONSOLIDATED SCHOOL DISTRICT et al., Appellants, v. EDITH BLAKESLEY, Secretary of the Board, Appellee, and WILLIS CLINE et al., Intervenors-Appellees.

No. 47407.

(Reported in 36 N. W. 2d 751)

Batschelet & Thompson, of Guthrie Center, and Emmert, James, Needham & Lindgren, of Des Moines, for appellants.

W. H. Van Duzer, of Casey, and A. H. Christensen, of Guthrie Center, for appellees.

WENNERSTRUM, J.—An equity action was commenced by the claimed Board of Directors of the Menlo Consolidated School District of Menlo, Iowa, as a body and as individual members, to enjoin the secretary of the school district from continuing with the holding of a special election for the purpose of electing five new directors. The defendant secretary defaulted through the failure to file any pleadings. The intervenors filed a petition of intervention wherein they sought to have the court declare vacant the offices of the school directors who claimed to be the holders of that office. The intervenors also sought to have an order entered compelling and directing the secretary to call a special election. The plaintiffs answered the petition of intervention and on numerous grounds questioned the right of the intervenors to maintain their petition. Upon trial the trial court held adversely to the contentions of the plaintiffs and they have appealed.

Certain of the appellants hereinafter referred to had been elected as members of the Board of Directors of the Menlo Consolidated School District. The appellee, Edith Blakesley, is secretary. The intervenors are interested taxpayers, residents

912

and patrons of the school district. As is frequently the case in school district litigation the present difficulties developed because the school board refused to re-employ the then superintendent for another year and contracted with another individual to fill that position.

The members of the board of directors of the district on April 7, 1948 were Gerald Cline, Donald Stemm, Bernard Colbert, and Reuben Bloomquist. The fifth member, Edmond Groomes, had apparently resigned on or about April 5, 1948 because of his election to the County Board of Education. During the forenoon of April 7, 1948 the school board met at the store of Edith Blakesley, secretary. At this meeting necessary affairs of the school district were considered and apparently a discussion had as to the controversy that had developed within the district by reason of the failure to re-elect the former superintendent and the election of a new superintendent. Following the adjournment of this meeting the then four members of the school board wrote out resignations which were in substance as follows:

"I tender my resignation from the Board of the Menlo Consolidated School"; "I wish to resign from the board"; "I hereby hand in my resignation as a member of the School Board of the Menlo Consolidated School, effective April 7, 1948."

These purported resignations were left with the secretary of the school board. They were not in evidence before the trial court for the reasons hereinafter stated. Upon the presentation of these resignations to the secretary she communicated with the County Superintendent of Schools. On his advice she posted on April 8, 1948 a call for a special election to elect five new directors for the school district, which said election was to be held April 22, 1948. On April 9, 1948 Reuben Bloomquist, Bernard Colbert and Donald Stemm individually or through members of their respective families called for and received from the secretary of the school board the written resignations left with her. Gerald Cline did not withdraw his resignation. On April 10, 1948 Edith Blakesley took down the notices she had posted and by which the special election was called. At a meeting of

the school board members then acting, namely, Donald Stemm, Bernard Colbert and Reuben Bloomquist on April 13, the resignation of Edmond Groomes was accepted. At a subsequent meeting on April 14 of these three individuals acting as the board of the district the resignation of Gerald Cline was accepted. By reason of these resignations and their acceptance Layton Menefee and Ralph Hunt were elected as new members of the board. On account of the incidents which have been heretofore related the then acting members of the school board, with the county attorney, went to Des Moines and conferred with officials in the office of the Superintendent of Public Instruction and with one of the Assistant Attorneys General relative to the existing situation. They were advised that in the light of the withdrawal of the resignations and the fact that notices of the special election had been removed by the secretary of the board that an injunction action should be brought to restrain the holding of the election. It was apparently suggested that by bringing such an action possible legal proceeding against Edith Blakesley, the secretary, for removing the election notices, might be avoided. On April 19, 1948 the appellants acting as members of the school board filed a petition for a temporary injunction therein seeking to restrain the secretary from holding the special election. On April 20, 1948 the court entered a temporary injunction as prayed for by the appellants. On May 3, 1948 the intervenors filed their petition of intervention in the injunction proceeding. Thereafter subsequent pleadings were filed by the interested parties which resulted in bringing the matters to issue and the final submission to the trial court.

The questions presented by appellants in their appeal are: (1) Does the leaving of a signed statement of resignation with the secretary of the school board by member of that board effect an immediate vacancy in his office which would not permit a subsequent withdrawal of the resignation? (2) Can individual citizens by means of a petition of intervention in the injunction action brought by appellants challenge the title to a public office rather than by a proceeding in quo warranto? (3) Can individual citizens obtain relief in an injunction action to compel a public officer, in this case the secretary of the school board,

to perform an official act rather than by an action in mandamus? It is appellants' contention that the trial court was in error in holding that vacancies existed on the board, that the question of the right to hold the office of school director should have been raised by an action in quo warranto, and that an action in mandamus should have been brought to compel the calling of an election.

The intervenors-appellees maintain that they properly and of necessity intervened in the appellants' injunction proceeding inasmuch as they contended that they were "the duly elected or appointed, qualified and acting Board of Directors" which it is maintained they were not. It is also claimed that the temporary injunction had been wrongfully secured and that the enjoined election should be held.

I. A determination of the question whether vacancies occurred immediately upon the filing of the written resignations of the members of the school board necessitates our initial consideration of the statutory provisions relative to vacancies in school offices. Section 277.29, 1946 Code, in part, states: "* * * the resignation * * * of incumbent * * * shall constitute a vacancy."

Section 277.24, 1946 Code, in part, states:

"Members of the board in all independent districts. * * * shall be chosen * * * for a term of three years * * * and shall hold office for the term for which elected and until their successors are elected or appointed and qualified * * *."

Section 279.7, 1946 Code, which pertains to vacancies filled by special election, in part, provides:

"* * * or when the board is reduced below a quorum for any cause, the secretary of the board, or if there be no secretary, the county superintendent of schools shall call a special election in the district * * * to fill such vacancy or vacancies, giving the notices required by law for such special elections, which election shall be held not sooner than ten days nor later than fourteen days thereafter. In any case where the secretary fails for more than three days to call such election, the county super-

intendent shall call it by giving the notices required by law for special elections.

"Any appointment by the board to fill any vacancy in an elective office on or after the day notice has been given for a special election to fill such vacancy as provided herein shall be null and void." (Italics supplied.)

Even though section 277.24 heretofore referred to, provides that "members of the board * * * shall hold office for the term for which elected and until their successors are elected or appointed and qualified * * *" we think that part of the statute should be read in connection with the later section 277.29 which provides "* * * the resignation * * * of incumbent * * * shall constitute a vacancy." There is nothing in this last referred to section from which an inference could be drawn that the resignation therein contemplated was not to take effect immediately and that an acceptance by some board or official was necessary. This is particularly true when it is observed that section 279.7, heretofore quoted, provides for the filling of vacancies by the holding of a special election "when the board is reduced below a quorum *for any cause* * * *." It should also be kept in mind that in section 277.29 which provides that "* * * the resignation * * * of incumbent * * * shall constitute a vacancy" makes no reference to the possible withdrawal of the resignation within any particular time. However, see State ex rel. Wheeler v. Nobles, 109 Wis. 202, 85 N. W. 367, 368, for contrary holding under somewhat similar statutes.

The question here presented has heretofore been considered by this court. In the case of Gates v. Delaware County, 12 Iowa 405, 408, this court stated:

"* * * there can be no good reason for requiring that the resignation should be formally accepted in writing, or entered on record and the incumbent notified thereof before the same can be effectual in rendering vacant the office. * * *

"This withdrawal is entitled to no significance inasmuch as the office had become vacant long before, by the act of the plaintiff himself, acquiesced in by the county judge. The plain-

tiff could only be reinvested with the office by a new election or appointment."

In the case of Cowles v. Independent Sch. Dist., 204 Iowa 689, 216 N. W. 83, it was held, under the particular facts in that case, that a resigning director had the right to participate in the election of a succeeding director where he and the other directors making up the quorum electing successor directors by their actions indicated an intent that the resignation should not take effect until a successor had been appointed. That is not the situation in the present case where all of the directors had resigned at one time. We do not feel that the Cowles case is controlling as the facts are not the same and there was no discussion of the statutes involved.

It is our conclusion that the statutes contemplate that there might be a period of slightly over ten days when there would be no school board members or the board reduced below a quorum. This is particularly true inasmuch as it is provided by the statute that an election of school board members could be called by either the secretary of the school district or by the county superintendent "when the board is reduced below a quorum for any cause." We believe that there should be a definiteness in our holding as to when a vacancy occurs in connection with a situation such as is presented in the instant case. Consequently we hold that our statutes contemplate that a resignation when made is immediately effective. We therefore hold that the resignations as presented by the members of the School Board of the Menlo Consolidated School District on April 7, 1948 took effect immediately upon their presentation to the secretary and that the resigning members had no authority to act in the filling of any vacancies on the school district board. A further statutory prohibition that would prevent the resigning directors from appointing any additional directors, as was done in the instant case, is found in Code section 279.7, 1946 Code, which provides that: "Any appointment by the board to fill any vacancy in an elective office on or after the day notice has been given for a special election to fill such vacancy * * * shall be null and void." The appointment of Layton Menefee and Ralph Hunt as school directors was made after the notice of the special election had

been given, to wit: April 8, 1948, and under the statute previously given was ineffective.

Although our holding in the case of Modern Heat & Power Co. v. Bishop Steamotor Corporation, 239 Iowa 1267, 1273, 34 N. W. 2d 581, 585, involved a corporation yet we believe it should be considered in connection with this case. We therein held that a director may resign his office to take effect immediately despite the fact that there is a provision in the articles of incorporation which provides that " 'all * * * directors * * .* shall hold office for a term of one year, or until their successors shall have been duly elected and have qualified * * *.' " There is a divergency of opinion as to the necessity of the acceptance of a resignation to make it effective. The respective authorities are annotated in 95 A. L. R. 215–220. See also annotations 16 L. R. A., N. S., 1058, and cases cited in Tooele County v. De La Mare, 90 Utah 46, 59 P. 2d 1155, 106 A. L. R. 182, 186, 187.

The case of State ex rel. Ryan v. Murphy, 30 Nevada 409, 423, 97 P. 391, 394, 18 L. R. A., N. S., 1210, 1213, supports our previously expressed holdings. The Nevada court, in commenting upon a statutory provision, somewhat similar to our own, stated:

"By section 1816 of the Compiled Laws it is provided, among other causes, that an office shall become vacant upon the resignation of the incumbent. These provisions of the statute, we think, give the privilege of resignation as an absolute right without any restrictions. It could hardly be said that one was 'at liberty to resign,' if such resignation, to be effective, was subject to the will of some other officer or body. The provisions in reference to resignations of members of the legislature, providing that they 'shall deliver their resignations to the governor and he shall immediately order an election to fill such vacancy,' show very clearly that such resignation in no way depends on its acceptance."

II. It may be said that the statute relative to an officer continuing in the office until his successor is elected and qualified is conflicting with the one that states a resignation results in a vacancy. We do not believe there is a conflict. In

the first place we should endeavor to construe our statutes so no part will be rendered superfluous and effect ordinarily should be given to every provision of the statute. Independent Sch. Dist. v. Iowa Employment Sec. Comm., 237 Iowa 1301, 1309, 25 N. W. 2d 491. This can be done in connection with these two statutes. In one case it refers to an officeholder who has served the term and his successor has not been elected and qualified. It does not apply to an officer who has resigned. Commonwealth ex rel. Park v. Kaiserman, 330 Pa. 196, 199, 199 A. 143, 144.

Our comments heretofore made justify our approval of the action of the trial court in dissolving the temporary injunction and in holding that the election called should have proceeded as provided by statute.

III. Divisions I and II are determinative of this case. However, it should be kept in mind, in connection with the claimed question as to the necessity of bringing a quo warranto proceeding in order to properly litigate the rights of the appellants to hold their office, that in the instant case the only issue originally presented was the legality of the secretary's action in posting the notices of the election. It was maintained by the appellants in their amended petition that they had not resigned, that the membership of the board had not been reduced below a quorum and that the election notices were illegal. They had the burden of proving the allegations of their petition. If the secretary had filed an answer and had therein alleged that the appellants had resigned, that the membership of the board had been reduced below a quorum and that therefore her action was legal it could not have been contended then that such an answer was an attack upon appellants' right to hold office which would necessitate that question being disposed of in a quo warranto proceeding. The appellants tendered the issue that they had not resigned. The fact that intervenors denied this allegation does not necessarily result in their seeking a quo warranto remedy in an equity action. Their position is not, and should not be, any different from that of the secretary if she had raised the same issue. Our holding heretofore expressed in Divisions I and II disposes of the claimed issue as to the necessity of bringing an action in mandamus.

IV. The argument that the decree went too far in that it ordered the secretary to proceed with the special election is without much merit. The appellants allege in their petition that the secretary is proceeding with the special election. They sought to enjoin that act. The decree denies the injunction they seek. The fact that it may go further and order the secretary to do what appellants say she is doing or intends to do is immaterial, as long as she is not appealing.

We therefore affirm.—Affirmed.

HALE, BLISS, GARFIELD, OLIVER, SMITH, MULRONEY, and HAYS, JJ., concur.