Per Curiam.

Valstrey Service Corporation has commenced a third-party action pursuant to section 193-a of the Civil Practice Act in order to establish the right to indemnification against the Board of Elections and the Sanitation and Water Supply *415 Division of the County of Nassau, and against the latter’s sewer contractor, to recompense it for whatever damages Valstrey may be obliged to pay to the injured plaintiff in the principal action. She appears to have been injured by stepping into a hole which may have been created by excavation for sewer purposes, while she was about to enter an election booth. Valstrey’s theory of indemnification appears to be that it was at most chargeable with passive negligence, whereas the defendants in the third-party action were guilty of active negligence, being in possession and control of the property (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686). The summons and complaint in the principal action were served after the lapse of more than 90 days from the date of the accident; consequently it was impossible for Valstrey to serve a verified notice of claim upon the County of Nassau within 90 days from the date when plaintiff was injured. Valstrey has applied for permission to file after the expiration of the 90-day period pursuant to section 50-e of the General Municipal Law. Special Term and the Appellate Division have held that this section does not empower the court to extend the time of filing under these circumstances. But the Appellate Division stated at the close of its memorandum decision: “ We do not, however, on this appeal reach or determine the broader and more pertinent question whether here, in the first instance, there is any requirement for the service by appellant of a notice of claim ”. Section 50-e of the General Municipal Law provides for the filing of notice of claim against public corporations “ within ninety days after the claim arises ” in instances where by some other law a notice of claim is required as a condition precedent to the commencement of an action. The foundation of any requirement to file such a claim in this case would be section 52 of the County Law, which requires that notices of claims for damage against a county “arising at law or in equity” must be served in compliance with section 50-e of the General Municipal Law. Both of these sections contemplate the filing of such a notice after the cause of action against the county shall have arisen. The brief for the county upon this appeal concedes that Valstrey’s cause of action, if any, against the county does not accrue until Valstrey is cast in judgment by a verdict in favor of the injured plaintiff. It is conceded that not until then could Valstrey’s claim arise against the county.
*416 Whether such a claim would arise upon the entry or payment of a judgment against Yalstrey, it is plain from the language of both section 52 of the County Law and of section 50-e of the General Municipal Law that no filing of claim by Yalstrey against the county is required in order to maintain the third-party action. The object of section 193-a of the Civil Practice Act in permitting the joinder of third-party defendants, which is done in this case by the commencement of the third-party action, is to avoid circuity of action by enabling the issues of indemnification to be determined upon evidence in the principal action when the principal action is tried. This presents an exception to the usual rule that an action can be commenced only after the plaintiff’s cause of action has accrued, and is a case which has been omitted from the coverage of sections 52 of the County Law and 50-e of the General Municipal Law. Those sections were not designed to render section 193-a of the Civil Practice Act incapable of being applied to a situation such as this. Otherwise the advantage of this third-party practice could not be extended to cases involving municipal or other public corporations. Although the order appealed from is affirmed, our ruling is based upon a rationale which renders the nonfiling by Yalstrey of a notice of claim against the county inapplicable as a bar to the maintenance of this third-party action.
The order of the Appellate Division is affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Yan Yoorhis and Burke, JJ., concur.
Order affirmed.