**ROYAL CAR WASH CO., Inc., Plaintiff,**

v.

**The MAYOR AND COUNCIL OF WILMINGTON and Wright Construction Co., Defendants.**

Superior Court of Delaware.

New Castle.

March 14, 1968.

Alfred M. Isaacs, Wilmington, for defendant Mayor and Council of Wilmington.

F. Alton Tybout, Wilmington, for defendant Wright Construction Co.

QUILLEN, Judge.

The plaintiff instituted a tort suit against The Mayor and Council of Wilmington (hereinafter referred to as "City") and Wright Construction Co. (hereinafter referred to as "Wright") as codefendants.

Wright filed a cross-claim against The City seeking contribution from the City in the event that Wright is found liable to the plaintiff.

The plaintiff contends that it sustained damage to the driveway of its premises located at 201 Philadelphia Pike, Wilmington, Delaware, and loss of business because the driveway was damaged and unusable when on or about March 11, 1966, a water main owned and maintained by the City broke at a point near the plaintiff's car wash business.

The plaintiff has charged, *inter alia*, negligent conduct on the part of the City in failing to promptly turn off the broken water main and negligent conduct on the part of Wright in having installed an un-

authorized, unworkable, inoperative or defective valve box for the water main.

Thereafter, the City filed a motion to dismiss the complaint as to it upon the ground that plaintiff had failed to notify the City in writing of the nature of the claim as required by 10 Del.C. § 8123. By memorandum opinion Judge Stewart Lynch, on October 13, 1967, granted the City's motion.

As a consequence of the City's dismissal as a party defendant, technically the cross-claim against the City would also fall. However, in attempting to expedite this matter, the parties have stipulated that the cross-claim will be treated as a third party complaint.

The City has now filed a motion to dismiss the third party claim against it. It alleges Wright did not give the required notice to the City and therefore the claim for contribution is barred. The City has filed an affidavit of John E. Babiarz, Mayor of Wilmington, which states Wright failed to give notice to the City. This opinion deals with the City's motion to dismiss.

■ The sole question presented is whether the failure to serve notice upon the City within one year as prescribed by 10 Del.C. § 8123 prevents a finding of common liability between the City and Wright which will support contribution.

10 Del.C. § 8123 provides as follows:

"No action, suit or proceeding shall be brought or maintained against the Mayor and Council of Wilmington for damages on account of physical injuries, death or injury to property by reason of the negligence of the Mayor and Council of Wilmington or any of its departments, officers, agents or employees thereof, unless the person by or on behalf of whom such claim or demand is asserted shall, within 1 year from the happening of such injury, notify the Mayor of The Mayor and Council of Wilmington in writing of the time, place, cause and character of the injuries sustained. As amended 53 Del.Laws, Ch. 164 eff. Aug. 11, 1961."

■ We start with the premise that common liability is an essential prerequisite to any right of contribution between tort-feasors. 10 Del.C. § 6302, Lutz v. Boltz, 9 Terry 197, 100 A.2d 647 (1953). The City contends the 1 year notice requirement is a condition precedent to the existence of liability on its part for any injuries received by plaintiff. In support of this contention it cites: Russell v. Mayor and Council of Wilmington, 5 W.W.Harr. 193, 162 A. 71 (1932); Celanese Corp. of America, v. Mayor and Council of Wilmington, 7 Terry 114, 78 A.2d 249 (1950). Accordingly, the City concludes that the failure to notify it within the 1 year period is a failure of a condition precedent to the existence of common liability between the City and Wright in this case. I do not agree with this conclusion.

This Court has held that the personal injury statute of limitations was not a bar to a defendant's third party complaint for contribution because the third party claim is not for recovery of personal injuries but for contribution. Goldsberry v. Frank Clendaniel, Inc., 10 Terry 69, 109 A.2d 405 (1954). The Court based this result on two grounds. First, an action for contribution is a sort of equitable action between a defendant who has paid all or more than his fair share of a judgment for personal injuries and other joint defendants for a proration of their several liabilities among themselves, and therefore, the personal injury statute of limitations does not apply. Second, a plaintiff may, and often does, wait until the day before the statute elapses before filing suit. Before the defendant is served the time has expired and he would be barred from seeking contribution, if the statute applied. The Court held the statute inapplicable to contribution because it was inconceivable that the Legislature should purport to grant the valuable right of con-

tribution among joint tortfeasors but, for all practical purposes, place it within the power of the original plaintiff to decide whether or not it could be exercised.

The above reasoning is equally applicable here because the contribution claim is not an action for "damages on account of physical injuries, death or injury to property" and the evil of permitting the plaintiff to determine whether or not the right to contribution should be exercised is present. These factors preclude the applicability of the notice statute to a third party claim for contribution. This result has been reached by courts of other jurisdictions. Geiger v. Calumet County, 18 Wis. 2d 151, 118 N.W.2d 197 (1962); Minneapolis, St. Paul and Sault Ste. Marie Railroad Company v. City of Fond Du Lac, 297 F.2d 583, 93 A.L.R.2d 1378 (C.A.7th, 1961).

In the *Minneapolis, St. Paul and Sault Ste. Marie Railroad Company* case, an action arising out of a train-automobile collision in Fond Du Lac, Wisconsin, the defendant railroad brought in the City as a third party defendant and sought contribution on the ground that the accident was contributed to by the failure of the City to trim a tree which stood near the railroad crossing. The Court held that the third party contribution action was not barred by the railroad's failure to comply with a statute which provided that no action could be maintained against a city upon a claim until the claimant first presented his claim to the council, and it had been disallowed in whole or in part.

The court stated that the right of contribution between joint tortfeasors arises at the time of the concurring negligent acts. But, until one of the joint tortfeasors pays more than his proportionate share of the underlying claim, the right remains contingent, subordinate and inchoate.

The court further noted that the notice statute was concerned with the necessity for presentation of a direct claim against the city as a condition precedent to maintaining an action thereon. The contribu-

tion claim was contingent and had not ripened into a cause of action against the city at the time the third party complaint was filed. Failure of the railroad to present such a contingent claim to the council could not bar its recovery in the third party action.

I am of the opinion this reasoning provides another and equally important ground for holding that § 8123 does not bar the third party claim.

Defendant's motion to dismiss is denied. It is so ordered.