**Daniel W. BOYLE, Administrator of the Estate of James E. Vanek, Deceased, Plaintiff,**

**v.**

**Barry O. BURT and Gregory W. Burt, Defendants-Appellees,**

**v.**

**IOWA CITY, Iowa, a Municipal Corporation, Additional Defendant-Appellant.**

**No. 53860.**

Supreme Court of Iowa.

Sept. 2, 1970.

Rehearing Denied Oct. 12, 1970.

Jay H. Honohan, Iowa City, for additional defendant-appellant.

E. H. Wadsworth, of Barnes, Wadsworth, Elderkin, Locher & Pirnie, Cedar Rapids, William L. Meardon, Iowa City, and Davis, Huebner, Johnson & Burt, Des Moines, for defendants-appellees.

Shulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for plaintiff.

RAWLINGS, Justice.

Plaintiff administrator brought action at law against defendants Burt for damages resulting from automobile accident death of his decedent. The Burts impleaded and by cross-petition seek contribution or indemnity from additional defendant, The City of Iowa City. By motion to dismiss,

defendant City asserted right of redress sought by defendants Burt is barred because no claim notice was given the municipality within 60 days after the accident as required by section 613A.5, Iowa Code Annotated. Trial court overruled this motion. Defendant City takes permissive interlocutory appeal. We reverse.

This case was commenced September 6, 1968. Plaintiff's petition alleges his decedent, while crossing a street in Iowa City, May 23, 1968, was struck and killed by an automobile negligently driven by defendant Gregory W. Burt, then owned by co-defendant Barry O. Burt.

November 5, 1968, or more than five months after the fatal accident, a claim notice was given by defendants Burt to The City of Iowa City. No such notice was ever given by decedent, or anyone acting in his behalf.

By cross-petition filed December 9, 1968, the Burts sought contribution or indemnity from the impleaded defendant City.

There followed the aforesaid motion to dismiss by which the City, in effect, contends that absent a timely claim notice it could not be held responsible to plaintiff directly, and by the same token cannot be liable to defendants Burt for contribution or indemnity.

In overruling this motion, trial court held the giving of a claim notice to additional defendant City by defendants Burt, within 60 days after service of original notice upon them relative to plaintiff's action, satisfied the requirements of section 613A.5, I.C.A.

Defendant City here claims, trial court erred in so holding.

The question presented has never before been considered by this court.

I. At the outset we are called upon, for the first time, to consider chapter 613A, I.C.A., more specifically, section 613A.5.

Its predecessor, section 614.1, Code, 1966, was amended by the Sixty-Second General Assembly by striking subsection 1 thereof which provided, as to the time within which an action could be brought: "Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

The succeeding enactment, effective January 1, 1968, thus here applicable, states: "Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 (against a municipality) shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within fifteen (15) days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety (90) days, during which the person injured is incapacitated by his injury from giving such notice."

It is at once evident the old statute and the new one, though similar as to purpose, differ in some material respects.

When section 613A.5, last above quoted, is considered in the light of all other provisions in chapter 613A, relating to

tort liability of governmental subdivisions, it is apparent we are not here dealing with a true limitations act.

That is made clear by this statement in Secrest v. Galloway Co., 239 Iowa 168, 173, 30 N.W.2d 793, 796: "' * * * The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. * * * It is the right to claim benefits under the act that is lost after the lapse of two years (citing Tischer v. City of Council Bluffs, 231 Iowa 1134, 3 N.W.2d 166).'

"Strictly speaking, a statute of limitation affects the remedy not the right. A general limitation statute is defined in 34 Am.Jur., Limitation of Action, Sec. 3, to be ' * * * the action of the state in determining that after a lapse of a specified time a claim shall not be enforceable in a judicial proceeding.' 37 C.J. 686, par. 5, states:

" 'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created, and the limitation is an inherent part of the statute, or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. *A lapse of a statutory period operates, therefore to extinguish the right altogether.'* " (Emphasis supplied). See also 34 Am.Jur., Limitation of Actions, section 7, page 16.

Briefly stated, section 613A.5 qualifies a right given by other related provisions of the Act. Thus In re Lunt's Trust, 237 Iowa 1097, 24 N.W.2d 467, determined on the basis of a pure limitation act is neither applicable nor controlling.

On the other hand, this court held in Halvorson v. City of Decorah, 258 Iowa 314, 322, 138 N.W.2d 856, section 614.1(1) was mandatory, with substantial compliance being required. We are satisfied that standard is equally applicable to section 613A.5, quoted above.

II. Furthermore, this court has never before had occasion to determine whether a tort-feasor may have benefit of contribution or indemnity as against a municipality, absent the giving of a claim notice within 60 days from date of an injury attendant accident.

We have, however, repeatedly dealt with equitable rights of contribution or indemnity. As stated in Federated Mutual Imp. & Hardware Ins. Co. v. Dunkelberger, Iowa, 172 N.W.2d 137, 142: " * * * the difference between 'contribution' and 'indemnity', briefly stated, is that the former indicates liability for loss occasioned by a tort is shared by those responsible for it. 'Indemnity' indicates the entire liability for loss is shifted from one person held legally responsible to another person. Article, supra, in 37 Iowa Law Review 517; Article by Professor Dale B. Furnish on 'Distributing Tort Liability: Contribution and Indemnity in Iowa', 52 Iowa Law Review 31, 33; 41 Am.Jur., 2d, Indemnity, section 3." See also Ke-Wash Company v. Stauffer Chemical Company, Iowa, 177 N.W.2d 5, opinion filed May 5, 1970; Iowa Power & Light Co. v. Abild Constr. Co., 259 Iowa 314, 318–325, 144 N.W.2d 303; 18 Am.Jur. 2d, Contribution, section 46, page 65; 41 Am.Jur.2d, Indemnity, section 20, page 706; and Prosser on Torts, Single Volume, pages 273–281.

Noticeably no issue is here raised, nor do we reach or determine, right of recourse against governmental subdivisions for contribution or indemnity where a timely and adequate claim notice has been given.

III. It must be at once admitted, appellate tribunals in other jurisdictions have differed widely as to the right of action against a municipal entity for contribution or indemnity where failure to give a statutorily required notice of claim is involved.

Some have held such recourse is not thereby obstructed. Minneapolis, St. P. & S. S. M. R. Co. v. City of Fond Du Lac (7 Cir.), 297 F.2d 583, 93 A.L.R.2d 1378; Royal Car Wash Co. v. Mayor and Coun-

cil of Wilmington, Del., 240 A.2d 144; Valstrey Service Corp. v. Board of Elections, 2 N.Y.2d 413, 161 N.Y.S.2d 52, 141 N.E.2d 565, and Ainsworth v. Berg, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911.

The holding in most of these cases is apparently premised, in large part, upon the theory that legislative acts dealing with the subject here concerned apply only to primary claimants or those first injured.

Other courts have taken the position that under such circumstances there may be no recovery over. Morgan v. McDermott, 382 Mich. 333, 169 N.W.2d 897, and American Auto Ins. Co. v. City of Minneapolis, 259 Minn. 294, 107 N.W.2d 320. See also Bituminous Cas. Corp. v. City of Evansville (7 Cir.), 191 F.2d 572, 573–574, and White v. Johnson, 272 Minn. 363, 137 N.W.2d 674.

For reasons set forth, infra, we are satisfied the application of this rule is unavoidable under our existing law.

IV. As heretofore disclosed, substantial compliance with the requirements of section 613A.5 is mandatory.

Next, this court adopted the commonly accepted position in Heck v. City of Knoxville, 249 Iowa 602, 607, 88 N.W.2d 58, that the statutorily required claim notice provides a method by which prompt information as to time, place and circumstances of injury, may be conveyed to a municipality so an investigation may be had while the facts are fresh. See also editor's comment 93 A.L.R.2d 1385, 1386.

Surely the foregoing purposeful element is equally involved whether liability be related to persons primarily injured or secondarily offended. The governmental body is equally affected in either event.

V. Additionally, it is essential legislative intent be determined as shown by what is said in section 613A.5. See rule 344(f) (13), Rules of Civil Procedure, and section 4.1(2), Code, 1966.

In this regard it is understood that no court, under the guise of construction, may extend, enlarge, or otherwise change the terms and meaning of a statute. Bergeson v. Pesch, 254 Iowa 223, 227–228, 117 N.W. 2d 431.

Conversely we must, if reasonably possible, give meaning and effect to every part, and all words used in a legislative enactment. Rath v. Rath Packing Co., 257 Iowa 1277, 1288–1289, 136 N.W.2d 410; Monroe Community Sch. Dist., Marion and Jasper Counties v. Marion Co. Bd., 251 Iowa 992, 996, 103 N.W.2d 746; and Board of Directors v. Blakesley, 240 Iowa 910, 917–918, 36 N.W.2d 751. This means it it not within our province to read words or meaning out of a statute there clearly expressed.

Significantly section 613A.5 states in material part: "Every person who claims damages from any municipality *for or on account of* any wrongful death, loss or injury * * *." (Emphasis supplied)

"For", as thus employed, means "with respect to", "with regard to", or "because of". Elmore-Schultz Grain Co. v. Stonebraker, 202 Mo.App. 81, 214 S.W. 216, 221; 36A C.J.S. "For" page 946; and Black's Law Dictionary, Revised Fourth Ed., page 772.

Furthermore, use of the word "or" in this legislative enactment must here be accorded its natural and ordinary meaning as a disjunctive participle. See Bates v. United Security Insurance Company, Iowa, 163 N.W.2d 390, 398; In re Estate of Martin, Iowa, 155 N.W.2d 401, 405; Deur v. Local Board of Review, 232 Iowa 989, 991, 7 N.W.2d 39; State v. Smith, 46 Iowa 670, 673; 82 C.J.S. Statutes § 335, page 672; and 50 Am.Jur., Statutes, section 281, page 267.

From this it becomes evident the term "on account of" denotes some meaning separate and apart from that given above to the word "for", since it would otherwise be redundant.

And as disclosed by Kelly v. State Personnel Board of California, 31 Cal.App.2d 443, 88 P.2d 264, 266, this phraseology is to be equated with the term "in consequence of".

In any event, we find section 613A.5 is all inclusive, requiring notice be given regardless of what causes or remedy may arise or result therefrom. See Bituminous Cas. Corp. v. City of Evansville, supra.

So, if the cross-petitioning Burts had any right to contribution or indemnity from this impleaded municipality, it was as a consequence of, arose out of, or on account of the injuries inflicted upon plaintiff's decedent.

A study of chapter 613A, I.C.A., discloses to us the legislature thereby intended to:

1. Eliminate any common law immunity in tort previously accorded various designated governmental subdivisions within the state, including cities and towns.

2. At the same time provide for those units of local government reasonable opportunity to effectively investigate, marshal evidence, and settle or defend against all claims arising out of tort.

3. Afford this protective shield as to all demands made, and actions brought in tort, by requiring claim notices be given within prescribed periods of time, or stand forever barred.

4. Require that such notices be so given in every case premised on tort, regardless of kind or nature for or on account of, because of, or as a consequence of an injury, including primary or secondary claimants, contingent or otherwise.

5. Allow specified time variances for the giving of claim notices only with regard to incapacity or death due to injury, not here applicable.

VI. We now conclude absence of a claim notice to the City of Iowa City, within 60 days after injury to plaintiff's decedent, as required by section 613A.5, I.C.A., precludes recovery of contribution or indemnity by defendants Barry O. Burt and Gregory W. Burt from the impleaded defendant City.

That view is amply supported by White v. Johnson, supra, at 137 N.W.2d 676–677, where the court, referring to American Auto Ins. Co. v. City of Minneapolis, also supra, said: "In that case the insurance company made a settlement of an action against its insured property owner for damages sustained by a person injured in a fall at a point where a private ramp met a defective city sidewalk. The injured party did not give notice of a claim against the city and neither did the property owner or its insurance company until after the settlement was made, some 3 years after the injury occurred. We held that the action involved a claim for injury based on negligence, * * * and that the failure to give notice within 30 days of injury as required * * * 'prevented any liability on the part of the city from existing.' 259 Minn. 298, 107 N.W.2d 323. This result was necessarily based upon our conclusion that the wording of the statute applicable to this case is broad and inclusive and that notice is a prerequisite to maintaining an action for indemnity or contribution against a municipality even though such a claim is contingent at the time notice is required to be served."

Touching on the matter of contingency is Fane v. Hootman, 254 Iowa 241, 247, 117 N.W.2d 435, where this court held, it is not essential that a defendant's cause of action against an impleaded third party defendant for contribution be at the time matured.

It therefore follows, trial court erred in overruling the motion to dismiss filed by The City of Iowa City.

This case must be accordingly reversed and remanded with instructions that the challenged order be set aside and for entry of an order consistent with this opinion.

Reversed and remanded with instructions.

MOORE, C. J., and LARSON and STUART, JJ., concur.

LeGRAND, MASON, BECKER and UHLENHOPP, JJ., dissent.

REES, J., takes no part.

The members of this court being equally divided, the judgment of the trial court stands affirmed by operation of law. (Section 684.10, Code, 1966).

LeGRAND, Justice (dissenting).

I must respectfully dissent because I cannot read into section 613A.5 what the majority sees there. In my opinion this section was designed to deal only with actions brought by the injured party himself—the primary party—and was not intended to establish rules by which either contribution or indemnity is to be determined.

Contribution and indemnity between tort feasors are equitable doctrines which permit one who has paid more than his just share of a loss to recover from another who should, in right and justice, contribute to or fully bear that loss. We have consistently recognized this principle since Best v. Yerkes, 247 Iowa 800, 810, 77 N.W. 2d 23, 29, 60 A.L.R.2d 1354. See also Iowa Power and Light Company v. Abild Construction Company, 259 Iowa 314, 318–319, 144 N.W.2d 303, 306, and authorities there cited. However, the majority opinion destroys these rights under circumstances over which the party entitled thereto has no control. Such a drastic result should not be based on a statute which neither by express provision nor by implication purports to deal with the subject at all.

The majority concludes its result is required by the particular wording of our statute. Faced with similar, though not identical statutes, other courts have not been persuaded that such provisions are concerned with claims for either contribution or indemnity. Ainsworth v. Berg, 253 Wis. 438, 34 N.W.2d 790, 793, 35 N.W.2d 911; Royal Car Wash Company, Inc. v. Mayor and Council of Wilmington, Del., 240 A.2d 144, 146; Valstrey Service Corporation v. Board of Elections, 2 N.Y.2d 413, 161 N.Y.S.2d 52, 141 N.E.2d 565, 566; Minneapolis, St. Paul and Sault St. Marie Railway Company v. City of Fond Du Lac, 7 Cir., 297 F.2d 583, 585, 93 A.L.R.2d 1378; Gorski v. Commercial Insurance Company of Newark, D.C. of Wisc., 206 F.Supp. 11, 14; Albert v. Dietz, U.S.D.C.—Hawaii, 283 F.Supp. 854, 857, 858; Corning Glass Works v. Puerto Rico Water Resources Authority, Inc. (1st CCA), 396 F.2d 421, 424; Hennington v. Valuch, 19 Wis.2d 260, 120 N.W.2d 44; Keleket X-Ray Corp. v. United States, 107 U.S.App.D.C. 138, 275 F.2d 167; Globig v. Greene & Gust Co. (E.D.Wis.), 184 F.Supp. 530, 533, 534. These authorities hold such statutes are limited in their application to claims asserted by the injured party. I agree.

Several principles may be stated from the foregoing cases which should decide the present controversy; (1) Statutes such as our section 613A.5 are operative only as between the primary parties; (2) Statutes and rules of practice permitting contribution and indemnity should not be abrogated at the caprice of the injured party, who may by either inadvertence or design elect to hold only one tort feasor entirely responsible; (3) In many cases involving statutes similar to section 613A.5 the right to contribution or indemnity under the rule adopted by the majority will have already been lost before the primary claim is asserted.

It is inconceivable that chapter 613A intended to accomplish a result both so inequitable and so unnecessary. The language in Albert v. Dietz, supra, at page 857 of 283 F.Supp., seems particularly pertinent:

"The county non-liability act [requiring notice of injury from defective streets or sidewalks before the county could be held liable] clearly was not intended to impose a statute of limitations upon the right of one joint tortfeasor against another but * * *

was, basically, directed only at undue delay in the commencement of suits by injured persons."

The authorities which the majority relies on—principally those from Minnesota and Michigan—do indeed justify the result the majority reaches. However, in my opinion they should not be followed.

They are based, in part at least, on the erroneous premise that common liability must be present when contribution or indemnity is sought to be enforced. Since the injured party could no longer sue one of the alleged tort feasors because of failure to give the statutory notice of claim, those cases reason there can be no common liability to permit contribution or indemnity. The majority seems to adopt that view without specifically saying so. However, the overwhelming weight of authority is that common liability need exist only at the time the injury or damage occurs. In 18 Am.Jur.2d, Contribution, section 86, page 122, this statement appears:

"While the common liability to the injured party must have existed before any right to contribution can arise, it is not essential that it should have continued until the time when contribution is sought, and it may be enforced after liability to the injured person or his representative has been extinguished by payment of the judgment or by the bar of the statute of limitations." See also Godfrey v. Tidewater Power Company, 223 N.C. 647, 27 S.E.2d 736, 737, 149 A.L.R. 1183; Schott v. Colonial Baking Co., W.D.Ark., 111 F.Supp. 13, 21; White v. Johnson, 272 Minn. 363, 137 N.W. 2d 674, 679; 18 Am.Jur.2d, ·Contribution, section 14, pages 28–29. See also dissenting opinion in Morgan v. McDermott, 382 Mich. 333, 169 N.W.2d 897, 907.

We have seemingly recognized this rule ourselves. For instance in Allied Mutual Casualty Company v. Long, 252 Iowa 829, 837, 107 N.W.2d 682, 686, we quoted with apparent approval a statement of the Wisconsin Supreme Court that there must be a common liability "at the time of the accident created by their concurring negligence."

While the foregoing is enough to require an affirmance, there is still another reason I disagree with the majority.

The city is sought to be held liable because of defective maintenance and supervision of its streets and sidewalks. That liability does not depend on chapter 613A; it arises under the provisions of section 389.12, Code of Iowa. Perhaps it could be brought under either statute, a matter it is unnecessary to decide here. But certainly it is maintainable without benefit of chapter 613A. This is best shown by section 613A.3, where the legislature noted that claims under section 389.12 were distinct and separate by referring to actions *"subject to the provisions of this chapter or section 389.12 of the code."*

Parenthetically I add this also demonstrates the reliance of the majority on chapter 613A as creating a new cause of action to which the notice provision of section 613A.5 is attached as a condition precedent to liability is entirely misplaced. This cause of action antedated chapter 613A by some one-hundred years.

I can find no language in section 613A.5 which demands notice be given as to a claim arising under section 389.12. It provides for notice only as to claims "within the scope of section 613A.2." As already pointed out, this claim does not necessarily fall within that limitation.

However, even if the majority's view of section 613A.5 prevails, the result should be the same. When, as frequently occurs, two established rights conflict, courts must try to accommodate one to the other to accomplish that result which best preserves the purposes of each without doing violence to either. To me it is clear this demands an affirmance of the trial court.

Again going to Albert v. Dietz, supra, 283 F.Supp. at page 857 for support, I find

the following language used there to be particularly applicable:

"Nevertheless, if the terms of Section 138–21 [requiring notice of injury to be filed with the county] were to be strictly applied the defending tortfeasor would suffer an injustice and an impairment of his statutory rights [of contribution from a joint tortfeasor], far, far greater than that which would be lost by a county if its protective non-liability act were not literally applied."

We should apply this rationale here. I find it unfortunate in this case of first impression, when we have the rather rare opportunity of choosing which of two courses—each supported by ample authority—to follow, that the majority has selected the one which leads to an inequitable result which is neither required nor justified by the statute in question.

I would affirm.

MASON, BECKER and UHLENHOPP, JJ., join in this dissent.