Daniel SPRUNG, a Minor, by Robert Sprung, his Father and Next Friend, and Robert Sprung, individually, Appellees,

v.

Robert RASMUSSEN and the Riceville Community School District, Appellants.

No. 54254.

Supreme Court of Iowa.

Oct. 13, 1970.

Larson & Carr, Charles City, for appellants.

Dunkelberg, McKinley & Folkers, Osage, for appellees.

REES, Justice.

This is an interlocutory appeal from an order of the trial court overruling the motion of the defendants to dismiss petition of plaintiffs in which motion defendants asserted plaintiffs had failed to comply with the provisions of Chapter 405, section 5, Acts of the Sixty-Second General Assembly (Section 613A.5, Iowa Code Annotated). We affirm the trial court.

On February 14, 1968, plaintiff Daniel Sprung, a minor, was a senior student in the Riceville Community School District, and one of a class of students engaged in a physical education training period under the instruction of defendant Rasmussen. Rasmussen had directed the plaintiff Daniel Sprung and the other students in the class to perform a tumbling exercise known as a "double roll", and while in the process of performing, or attempting to perform, the exercise, plaintiff allegedly sustained injuries from which he was incapacitated until May 11, 1968, or 87 days after the happening of the accident. On June 29, 1968, 136 days after the happening of the alleged accident, notice of the fact plaintiff Daniel Sprung had sustained injury was directed to the president of the board of education of the Riceville Community School District, and the secretary of the school district, by letters over the signature of plaintiffs' attorneys, and subsequently, on October 15, 1969, petition of the plaintiff brought in his behalf by Robert Sprung, his father and next friend, was filed in the office of the clerk of the district court of Mitchell county. The petition was in four divisions: (I) the claimed cause of action against defendant school district on behalf of the minor; (II) the claim of the minor against the defendant Robert Rasmussen; (III) the claim against defendant school district by plaintiff Robert Sprung, individually, for the loss of his son's services; and (IV) the claimed cause of action of the father for loss of services of his son against the defendant Rasmussen.

Answer was filed by the defendant school district which incorporated affirmative allegations that notice had not been given as is required by section 613A.5, Iowa Code Annotated, and was in effect a motion to dismiss the petition of the plaintiffs for failure to comply with the notice requirements of the cited section. Hearing was had in accordance with the provisions of rule 105, Rules of Civil Procedure, at which hearing the court separately heard points of law raised in the answer of the defendants and dismissed the divisions of plaintiffs' petition in which the plaintiff Robert Sprung, individually, sought to recover damages, on the grounds that the required notice had not been given. The court overruled the motions to dismiss of the defendants insofar as they related to the claim of the minor plaintiff, Daniel Sprung, and it is from this ruling the defendants have taken permissive interlocutory appeal.

Section 613A.5, Iowa Code Annotated, which is also referred to by the parties as section 5 of Chapter 405, Acts of the Sixty-Second General Assembly, provides:

"Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the injuries

and damages within fifteen (15) days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety (90) days, during which the person injured is incapacitated by his injury from giving such notice."

Defendants advance as errors relied upon for reversal: (1) the court erred in failing to find that the duty in serving the notice required by section 613A.5 rested with Robert Sprung, father, natural guardian and next friend of the minor, Daniel Sprung; (2) the court erred in inferentially adding words to the statute to extend the period of statute of limitations; (3) the court erred in failing to recognize that with no notice served before three months had elapsed that the statute of limitations had expired and that neither plaintiff thereafter had any right to commence an action; (4) that the ruling of the court makes of the last sentence of section 613A.5 a revival act; that is, that notice served 136 days after the accident revived a cause of action which had been lost due to the statute of limitations; and (5) the court erred in failing to find that 49 days was an unreasonable time to wait to file notice after the minor was free from incapacity and that the notice was not served within a reasonable time after the minor recovered.

 I. The defendants do not appear to question the fact Daniel Sprung was incapacitated by his alleged injury from February 14, 1968 until May 11, 1968, at least insofar as this appeal is concerned, and it seems to be conceded by the parties that the time between said dates was 87 days. There seems to be no disagreement that the notice above referred to was served 49 days after the termination of the minor's claimed incapacity. We find ourselves unable to perceive merit in defendants' first assigned error in which they as-

sert the requirement for notice rested with the father and next friend of the minor and not with the minor himself. The statute expressly imposes upon the injured party the responsibility for the giving of the required notice. This court has said a next friend is not a party in interest and is merely one who advances the minor's cause in the absence of a guardian. In Re Beghtel's Estate, 236 Iowa 953, 958, 20 N.W.2d 421, 423, 161 A.L.R. 1384; Wheatley v. Heideman, 251 Iowa 695, 712, 102 N.W.2d 343, 354. We hold, therefore, no obligation rested upon Robert Sprung in his capacity as next friend of his minor son to comply with the notice requirements of section 613A.5, I.C.A. In the event, however, the requirement of service of notice contemplated by the cited section is complied with by the next friend of a minor or the personal representative of anyone under civil disability, such service of notice we are prepared to hold would comply with the requirements of the statute.

II. Our principal concern here is with the interpretation of the notice requirements of section 613A.5, Iowa Code Annotated. The second, third and fourth propositions relied upon by the defendants for reversal are all directed toward a construction of that portion of section 613A.5 which provides, "* * * The time for giving such notice shall include a reasonable length of time, not to exceed ninety (90) days, during which the person injured is incapacitated by his injury from giving such notice." The defendants contend the quoted sentence serves merely to increase the 60 day limitation which is provided for elsewhere in the section for the giving of notice to a 90 day overall period, whereas the plaintiffs insist the 90 day period provided for is in addition to the 60 day period, which view the trial court with certain modification adopted. Certainly the quoted portion of the section lacks absolute clarity, is ambiguous, and leaves room for statutory construction. Overbeck v. Dillaber, (Iowa), 165 N.W.2d 795, 798; Kruck v. Needles, 259 Iowa 470, 476–477, 144 N.W. 2d 296, 300–301. The section, being a rela-

tively recent addition to our statute, has never before received our scrutiny in this context. Chapter 613A created a new right of action—one that was not available at common law nor available elsewhere by statutory authority, and therefore, while cases interpreting other limitation statutes are helpful, they do not control here. Truly chapter 613A, and particularly the section which we are interpreting here, section 613A.5, might be called a statute of creation, rather than a statute of limitation. The statute creates a new liability and provides for methods of enforcing the same, and by its terms fixes the time within which action for recovery may be commenced. It being a statute of creation, the commencement of the action within the time the statute fixes is an indispensable condition of the liability and of the action permitted. The time element is an inherent element of the right so created, and the limitation of the remedy is likewise a limitation of the right. This court has held that once a statute of limitation starts to run, nothing stops it, including death or disability unless specifically provided by law. Overbeck v. Dillaber, supra, 165 N. W.2d at 796; In Re Estate of Hoenig, 230 Iowa 718, 298 N.W. 887.

■ The distinction between general statutes of limitation and the limitations or restrictions embraced in statutes creating rights unknown at common law is that the general statute of limitation is procedural only, and affects the remedy only, while the so-called condition precedent to suit statutes prescribe the right itself and if not complied with the lack of compliance affects both the right and the remedy. This substance-procedure dichotomy presents difficulties in application. However, when the distinction is made between general and special statutes of limitation, the initial rights are different; in a tort action by one individual against another, action must be brought within two years, else the statute of limitation prevents any legal satisfaction based on a policy that such actions between individuals should be brought

within the time limit to prevent stale claims, frauds, unreasonable results, et cetera. Where, as here, the legislature has created a new right of action, it made a legislative judgment that the cause should be brought within a specified time. This difference doubtlessly arises from the fact the statute we are here interpreting is in derogation of sovereign immunity and that the legislature might, and did, properly restrict and limit the application of the statute.

■ Courts do not favor the defense of the statute of limitations, Johnson v. Brooks, 254 Iowa 278, 117 N.W.2d 457; and statutes of limitation should not be applied to cases which do not come within their provisions, Pugnier v. Ramharter, 275 Wis. 70, 81 N.W.2d 38. Where two statutes of limitation are involved, the one giving the longer period to a litigant seeking relief is to be preferred and applied. Keen v. Mid-Continent Petroleum Corporation, D.C., 63 F.Supp. 120; Lincoln National Life Insurance Company v. Fischer, 235 Iowa 506, 522, 17 N.W.2d 273, 281; Payne v. Ostrus, 8 Cir., 50 F.2d 1039. We are not here, however, involved with two separate statutes, but with two permissible interpretations of the same statute.

■ A literal reading of the questioned sentence leads us to the conclusion that it was the intent of the legislature to permit an injured party to defer the service of the 60 day notice of loss or injury for a period of 90 days or such shorter period as the injured party might be incapacitated by his injury from giving such notice. This interpretation would afford a person claiming damages from any municipality for or on account of loss or injury if incapacitated 90 days a maximum period of 150 days before service of notice would be required. Applying the situation to the matter before us, it is conceded, at least for the purposes of this appeal, that the injured party, Daniel Sprung, was incapacitated for a period of 87 days, and that the notice required was served 49 days after

the termination of the claimed incapacity. Our interpretation of the statute, therefore, renders the notice so served to be in conformity with the statutory requirements.

■ III. We are unable to conclude that the trial court erred in failing to find service of notice 49 days after the termination of the incapacity was an unreasonable time, as is asserted in the fifth error relied upon by the defendants for reversal, in view of the fact we have interpreted the statute as above. Plaintiff was afforded 60 days for the service of notice after the termination of his incapacity, and the notice requirements were complied with within that limitation period.

Finding no reversible error, we affirm the trial court.

Affirmed.

MOORE, C. J., and LARSON, STUART, MASON, BECKER, and UHLENHOPP, JJ., concur.

RAWLINGS and LeGRAND, JJ., concur in the result.