**Blanche BENNETT, Appellant,**

v.

**IDA COUNTY, Iowa, and Harold Stafferan, Appellees.**

**No. 55121.**

Supreme Court of Iowa.

Dec. 20, 1972.

David R. Crary, of Crary, Huff & Yates, Holstein, for appellant.

Hamilton, Connell & Redenbaugh, Storm Lake, and Bruce M. Snell, Ida Grove, for appellee, Ida County.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, and J. P. Comstock, Sanborn, for appellee, Harold Stafferan.

MASON, Justice.

This is a law action to recover for injuries received by Blanche Bennett while driving her automobile on a part of the secondary road system of Ida County which had been under construction for repair by defendant, Harold Stafferan. Defendant, Ida County, filed a special appearance attacking sufficiency of the notice of claim given by plaintiff to meet the requirements of what is now section 613A.5, The Code, 1971. Plaintiff appeals from an adverse ruling sustaining the special appearance.

Pursuant to a written agreement between defendant, Ida County, and defendant, Harold Stafferan, Stafferan excavated a ditch across the gravel road involved for the purpose of placing drainage tile across it. The work was performed between June 12 and June 21, 1969.

July 15, Mrs. Bennett was injured when her automobile was involved in a one-car accident at the exact location of the ditch.

October 31, some 106 days after the date of her accident, Mrs. Bennett filed a written notice of claim with the defendant, Ida County, and the Ida County Board of Supervisors.

January 13, 1970, some 182 days after her accident, Mrs. Bennett filed a petition alleging in separate divisions a cause of action against Ida County, Harold Stafferan and Ida County and Stafferan jointly.

Plaintiff alleged in the division directed against Ida County that the County was negligent in one or more of the following particulars: (1) in failing to provide adequate warning devices for the motoring public to warn of the existence of a hazardous ditch; (b) in failing to properly fill and pack the area excavated for said tiling;

(c) in failing to keep said road so repaired as to keep the same in proper condition for the traveling public, in violation of section 309.67; (d) in failing to fill said ditch depression in violation of section 309.67; (e) in failing to comply with the minimum standards of traffic control for highway construction as required by the highway commission; and (f) in failing to furnish and place proper and adequate warning signs at the ends of mile from said ditch site.

Plaintiff alleged in the division directed against Stafferan that he was negligent in one or more of the respects stated in (a), (b) and (e), supra.

February 2, Ida County filed a special appearance asserting plaintiff's action was not maintainable since no notice was given to it within the period prescribed by section 5, chapter 405, Acts of the Sixty-second General Assembly. Under this legislative enactment, now section 613A.5, The Code, 1971, plaintiff was required to file a written notice within 60 days after the incident if she did not bring an action within three months. However, the statute provides, "the time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice."

The trial court sustained Ida County's special appearance stating: "[A]t no place in section 5 does the Legislature state that the 90 days shall be in addition to the 60 day notice. A strict interpretation of this statute is that only 30 days more is given the 60 days * * *." As stated, the written notice was filed by plaintiff more than 90 days after the accident.

April 28, 1971, Stafferan filed a motion for summary judgment. Another judge of the Ida district court sustained the motion because plaintiff failed to submit an affidavit in support of his resistance to Stafferan's motion and failed to show that "there was a genuine issue for trial on the issue

of liability of Stafferan." The order on the motion was entered May 27, 1971.

Plaintiff omitted a notice of appeal from the original printed record filed September 20, 1971. She filed a supplemental record October 27 setting out a notice of appeal filed June 15, 1971, which was in accordance with rule 336, Rules of Civil Procedure. In this notice plaintiff specified she was appealing from the order of May 18, 1970, sustaining the special appearance of Ida County and from the order of May 27, 1971, sustaining Stafferan's motion for summary judgment and from all rulings inherent therein.

Plaintiff asserts in the only error assigned the trial court erred in holding that section 613A.5, The Code, allows only a total of 90 days within which time an incapacitated person may file written notice of injury. This section provides in part:

"Limitation of actions. Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety (90) days, during which the person injured is incapacitated by his injury from giving such notice."

Plaintiff argues this statute gives a total of 150 days from the date of the accident during which an incapacitated person may give notice of his injury. This assignment of error could refer only to the conclusions of the trial court set out, supra, with regard to Ida County's special appearance.

In support of this contention, plaintiff relies exclusively on section 613A.5 as interpreted by this court in Sprung v. Rasmussen, 180 N.W.2d 430, 433 (Iowa 1970).

In *Sprung*, plaintiff sustained injuries during a physical education training period on February 14, 1968. He was "incapacitated" until May 11, 1968, or 87 days after the accident. On June 29, 1968, 136 days after the accident occurred, a written notice was filed by plaintiff with the school district.

This court interpreted the notice requirements of section 613A.5 as follows:

"A literal reading of the questioned sentence leads us to the conclusion that it was the intent of the legislature to permit an injured party to defer the service of the 60 day notice of loss or injury for a period of 90 days or such shorter period as the injured party might be incapacitated by his injury from giving such noice. This interpretation would afford a person claiming damages from any municipality for or on account of loss or injury *if incapacitated 90 days* a maximum period of 150 days before service of notice would be required." (Emphasis supplied).

Bennett concludes that inasmuch as the "written notice was given 106 days after the date of the accident—not necessarily within 60 days after the termination of the claimed incapacity—the court was in error.

Plaintiff never mentions the ruling on Stafferan's motion for summary judgment but only asks this court to reverse the ruling of the trial court sustaining Ida County's special appearance.

In response, Ida County not only attacks the validity of plaintiff's argument, but also moves to dismiss this appeal.

I. In divisions I and II of its brief, Ida County contends plaintiff's appeal should be dismissed because the record fails to disclose the giving of any notice of appeal and plaintiff's "attempt" to appeal was not timely as to Ida County.

We will not repeat the chronological order, previously set out, of events relative to plaintiff's failure to include in its original record a copy of the notice of appeal filed June 15, 1971, and her attempt to correct this omission by filing a supplemental record.

■ Rule 340, R.C.P., requires all proceedings in the case material to the appeal be shown in the record. "It is important the record show the notice of appeal and the date thereof." Culligan Soft Water Service v. Berglund, 259 Iowa 660, 663, 145 N.W.2d 604, 606, and authorities cited.

■ In *Culligan*, this court as authorized by rule 341, R.C.P., required the clerk of the trial court to certify to us a copy of the notice of appeal. This was done and after warning that leniency there was not to be construed as a precedent for future violations of the rule should there be any, we proceeded to consider the appeal. Bennett, once aware of the deficiency, prepared and filed a supplemental record that corrected the error by setting out the notice of appeal. Ida County makes no reference to the supplemental record in its argument.

We conclude under the circumstances before us Ida County's motion to dismiss plaintiff's appeal because of plaintiff's failure to include the notice of appeal in its original record should not be sustained.

II. In the other division Ida County argues the appeal was not timely as to it. Rule 335, R.C.P., provides that "appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order. * * *." As stated, the order sustaining the special appearance was made May 18, 1970, and notice of appeal filed June 15, 1971.

Ida County believes McGuire v. City of Cedar Rapids, 189 N.W.2d 592, 598 (Iowa 1971), is controlling here.

In *McGuire*, plaintiff filed a petition at law consisting of four divisions. Two of the divisions were against the City of Cedar Rapids, and in the other two only Dory Builders was named as defendant. The trial court sustained the City's motion to dismiss the two divisions against it. Subsequently, plaintiff filed a notice of appeal; the City then filed a motion to dismiss the appeal, arguing that dismissal of one party defendant is not a final order for purposes of appeal when other issues and parties remain in litigation. This court overruled the City's motion to dismiss the appeal. The following statements are in the opinion:

"No claim of joint liability on the part of the City and Dory Builders is asserted as a theory of recovery in any cause. The trier of fact could have found liability on those divisions directed against one defendant without a finding of liability against the other defendant on the causes asserted against it.

"The order dismissing Cedar Rapids is a final determination of the separable controversy between plaintiff and the City, a determination which does not affect the issues between plaintiff and Dory Builders."

Mrs. Bennett, on the other hand, considers the facts here to be exactly the same as the facts in Reuter v. City of Oskaloosa, 253 Iowa 768, 771–773, 113 N.W.2d 716, 718–719.

In *Reuter*, plaintiff filed an action for damages against the City of Oskaloosa and Ben Bernstein, the owner of property abutting the sidewalk on which plaintiff fell.

Plaintiff's petition consisted of two divisions. In the first division he alleged negligence against both defendants as to the slippery and unsafe condition of the sidewalk. Under the second division, he alleged the defendants were negligent in permitting a ramp to extend approximately 30 inches onto the sidewalk.

The trial court sustained Bernstein's motion to dismiss as to him. The court also

sustained the City's motion for a directed verdict at the close of all the evidence.

On appeal, Bernstein filed a motion to dismiss the appeal since the plaintiff did not appeal within 30 days from the entry of the trial court's order sustaining the motion to dismiss.

The court phrased the question to be "whether an order dismissing * * * [the] case as to one of two defendants becomes a final judgment or decision from which appeal *must* be taken within 30 days, without waiting for disposition of the case as to the other defendant" and concluded *Reuter* was not bound to appeal the ruling on the motion to dismiss within 30 days, emphasizing the fact the "pleaded ground was against both defendants." (Emphasis in the original).

The fact was observed by the court in *McGuire*:

"* * * [A]lthough the petition in *Reuter* consisted of two divisions and there were two defendants named, the pleaded ground of negligence was against both defendants. This is not the factual situation presented by the pleadings in the case before us." *Id.* 189 N.W.2d at 595.

In the present case plaintiff's petition consisted of three divisions. In division I and division II plaintiff states causes of action against Ida County and Stafferan, respectively, in their individual capacity.

However, in division III plaintiff asserts as a theory of recovery a claim of joint liability against Ida County and Stafferan alleging "a concurrence or combination of the acts of negligence of defendants as the proximate cause of plaintiff's injury and damage." Thus, a claim of joint liability, notably absent in *McGuire* but critical to the *Reuter* decision, is made by Bennett in this division of her petition.

In *Reuter*, 253 Iowa at 772–773, 113 N.W. 2d at 719, after stating that the general policy of the law is against piecemeal appeals, we approved the general rule stated in an annotation in 114 A.L.R. 759, "* * * that an order or decree which dismisses an action as to a part only of the defendants, all of whom are charged to be jointly liable and the interests of all of whom are identical and not severable, is not a final judgment from which appeal or writ of error will lie while the case remains undisposed of in the lower court as to other defendants."

Reference is also made in *Reuter* to this statement in 4 C.J.S., Appeal and Error, § 104, "as a general rule, an appeal or writ of error will not lie unless there has been a final disposition of the case, not only as to all of the issues, * * * but also as to all of the parties to the suit, * * *. [I]t has been held that a judgment or decree dismissing the action or bill as to less than all of two or more defendants, or a nonsuit as to one of several defendants, is not final so as to permit an appeal."

This statement in 2 Am.Jur., Appeal and Error, section 27 is also set out: "As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants." Similar statements now appear in 4 Am.Jur.2d, Appeal and Error, sections 54, 55, 56 and 106.

The foregoing statements were repeated in *McGuire*, 189 N.W.2d at 595.

In *McGuire*, 189 N.W.2d at 597–598, we spoke about separate and distinct causes of actions, a pleading situation not presented by the case under consideration in view of the theory of recovery asserted by plaintiff in the third division of her petition.

We repeat as relevant here the last sentence of the quote from Attorney General of Utah v. Pomeroy, 93 Utah 426, 462, 73 P.2d 1277, 1294, 114 A.L.R. 726–727, which is set out in *McGuire*: "If the claimed basis of liability of the dismissed defendants is connected with or so related to the claimed basis of liability of the remaining defendants so that one may affect the

other, a judgment as to the discharged defendants is ordinarily not appealable until the issues as to the remaining defendants are settled."

After the order sustaining the special appearance of Ida County was entered May 18, 1970, there remained to be decided the cause of action against Stafferan stated in division III. This cause was based on the theory Stafferan's negligence in one or more of the respects specified had concurred with the negligence of Ida County as the proximate cause of plaintiff's injuries. This cause was not disposed of in the trial court as against Stafferan until May 27, 1971, when the order was entered sustaining motion for summary judgment. Bennett's notice of appeal was filed within 30 days from the entry of this order. It was timely.

This issue is governed by the decision in *Reuter* rather than the decision in *McGuire*.

In view of our conclusion as to this issue it is not necessary that we consider plaintiff's contention that Ida County's motion to dismiss was not timely filed under rule 348(a), R.C.P., except to point out that if a motion to dismiss the appeal questions this court's jurisdiction the motion will not be overruled because it was not filed within 20 days after the filing of the printed record as required by rule 348(a), R.C.P. Kulhavy v. Rugger, 241 Iowa 520, 522, 41 N.W.2d 664, 665.

III. We turn now to plaintiff's only assignment of error in which she asserts the trial court erred in sustaining Ida County's special appearance.

As stated, Ida County filed a special appearance asserting plaintiff's action was not maintainable since no notice was given to it within the period prescribed by what is now section 613A.5, The Code, 1971. "A special appearance has for its purpose the interposing of objection to jurisdiction, such being the sole question placed before the court by such a restricted appearance."

Tice v. Wilmington Chemical Corp., 259 Iowa 27, 34, 141 N.W.2d 616, 621.

Plaintiff filed resistance to the special appearance alleging defendant's special appearance is not the proper method of challenging the petition on the ground it does not state a cause of action. However, on appeal, she does not assign defendant's manner of attack as error. Since a hearing had upon a special appearance is a special proceeding not triable in equity, it is not reviewable de novo on appeal but only on errors assigned, Tice v. Wilmington Chemical Corp., 259 Iowa at 35, 141 N.W.2d at 621; hence, any alleged procedural error by defendant cannot serve as a basis for determining plaintiff's appeal in this instance.

Nevertheless, we do not wish to be understood as approving that method of raising the issue. See Nelson v. Iowa-Illinois Gas & Elec. Co., 259 Iowa 101, 109, 143 N.W. 2d 289, 294 and Christensen v. Board of Supervisors, 251 Iowa 1259, 1266, 105 N.W. 2d 102, 107, which declare that the sufficiency of a petition to allege a cause of action of which the court has jurisdiction may not be tested by special appearance.

At the hearing on the special appearance the County offered in evidence the notice of claim filed by plaintiff October 31, 1969. Thus, the only issue plead and tried on the special appearance was whether the actual notice given was timely.

Because the court's ruling sustaining the special appearance is predicated on its conclusion written notice must be given under any circumstances within a maximum period of 90 days, if an action is not commenced within three months, it is wrong. As stated, we concluded in Sprung v. Rasmussen, 180 N.W.2d at 433 that section 613A.5 would "permit an injured party to defer the service of the 60 day notice of loss or injury *for a period of 90 days or such shorter period as the injured party might be incapacitated by his injury* from giving such notice. This interpretation

would afford a person claiming damages from any municipality for or on account of loss or injury *if incapacitated 90 days* a maximum period of 150 days before service of notice would be required." (Emphasis supplied)

Ida County does not challenge this interpretation of section 613A.5 but now argues plaintiff must make a showing of incapacity to have the benefit of additional time; that no facts concerning plaintiff's incapacity were plead in her petition or argued in resistance to the special appearance.

Any deficiency in these respects go to plaintiff's right to relief not to the court's jurisdiction to afford it. Nelson v. Iowa-Illinois Gas & Elec. Co., 259 Iowa at 109, 143 N.W.2d at 294.

Although this matter must be reversed because of the court's error in sustaining defendant's special appearance, we deem it beneficial for the bench and bar to discuss some problems of pleading arising when plaintiff's failure to give notice of claim within 60 days is based on a claim of incapacity.

Proof of incapacity is essential to establish compliance with the notice requirements of section 613A.5 if plaintiff has failed to give notice within 60 days. Yet, the problem remains whether the fact plaintiff was incapacitated for a certain period of time, and the notice requirements were therefore met, must be alleged in plaintiff's petition or raised by defendant as an affirmative defense, or by other available proceedings for disposition of matters on their pleadings.

Important to the determination of that problem is the question whether notice requirements of section 613A.5 operate as a defense of limitations that must be specially asserted as an affirmative defense in a separate division of the responsive pleading to plaintiff's petition, except that the defense may be raised by motion to dismiss "where it is obvious from the un-controverted facts appearing on the face of the assailed pleading" that the claim is necessarily barred when the action is commenced. Pride v. Peterson, 173 N.W. 2d 549, 554 (Iowa 1970).

We held in *Sprung,* supra, that:

"* * * Truly chapter 613A, and particularly * * * section 613A.5 might be called *a statute of creation, rather than a statute of limitations.* The statute creates a new liability and provides for methods of enforcing the same, and by its terms fixes the time within which action for recovery may be commenced. It being a statute of creation, the commencement of the action within the time the statute fixes is *an indispensable condition of the liability and of the action permitted. The time element is an inherent element of the right so created,* and the limitation of the remedy is likewise a limitation of the right. * * *

"The distinction between general statutes of limitation and the limitation or restriction embraced in statutes creating rights unknown at common law is that the general statute of limitations is procedural only, and affects the remedy only, while the *so-called condition precedent to suit* statutes prescribe the right itself and if not complied with the lack of compliance affects both the right and the remedy." 180 N.W. 2d at 433. (Emphasis supplied)

In Boyle v. Burt, 179 N.W.2d 513, 514–515 (Iowa 1970), this court said:

"When section 613A.5, * * * is considered in the light of all other provisions in chapter 613A, relating to tort liability of governmental subdivisions, it is apparent we are not here dealing with a true limitations act.

"That is made clear by this statement in Secrest v. Galloway Co., 239 Iowa 168, 173, 30 N.W.2d 793, 796: ' " * * * The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. * * * It

is the right to claim benefits under the act that is lost after the lapse of two years * * * [citing authorities]."

" 'Strictly speaking, a statute of limitation affects the remedy not the right. A general limitation statute is defined in 34 Am.Jur., Limitation of Action, sec. 3, to be " * * * the action of the state in determining that after a lapse of a specified time a claim shall not be enforceable in a judicial proceeding." 37 C.J. 686, par. 5, states:

" ' "A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created, and the limitation is an inherent part of the statute, or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. *A lapse of a statutory period operates, therefore to extinguish the right altogether." '* (Emphasis supplied). See also 34 Am.Jur., Limitation of Actions, section 7, page 16.

"Briefly stated, section 613A.5 qualifies a right given by other related provisions of the Act."

The foregoing statements from *Boyle* are in accordance with our interpretation of section 613A.5 in *Sprung* that "the time element is an inherent element" of new right of action "created" by chapter 613A, rather than a statute of limitation. *Id.* 180 N.W.2d at 433.

■ These decisions unquestionably establish that the requirements of notice of claim specified in section 613A.5 do not operate as a defense of limitations which must be specially asserted in a separate division in a responsive pleading to the claim for relief ·but prescribe compliance therewith as a prerequisite to a right to pursue a judicial remedy to enforce a claim on which relief can be granted against a governmental subdivision.

■ Consequently, a plaintiff seeking to recover against a governmental subdivision under chapter 613A must allege, in order to state a claim on which relief can be granted, the giving of a notice of claim in accordance with the provisions of section 613A.5.

■ Where it appears notice of claim was not presented to governing body of the municipality within 60 days, a plaintiff seeking the benefit of the relaxed notice requirement of section 613A.5 must allege he was incapacitated for a specific number of days (not exceeding 90) and that notice of claim was given such governing body within 60 days after the termination of his incapacity. Failure to plead ultimate facts which would, if proven, establish compliance with the notice requirements leaves the petition fatally deficient and subject to attack.

As stated, special appearance is not the proper manner of attacking such pleading. This means such deficiency must be raised by motion to dismiss or by other motions after issue is joined. See Gruener v. City of Cedar Falls, 189 N.W.2d 577, 579 (Iowa 1971).

In this connection we point out that where a trial court sustains a motion to dismiss, the party seeking relief has the right to plead over. Nesper Sign and Neon Company v. Nugent, 168 N.W.2d 805, 806 (Iowa 1969).

With directions to the trial court to set aside its order sustaining Ida County's special appearance and proceed with the matter in accordance with the Rules of Civil Procedure, the case is

Reversed and remanded with directions.

All Justices concur, except HARRIS, J., who takes no part.