**Robert E. SHOEMAKER and Dorothy D. Shoemaker, Appellants,**

v.

**CITY OF MUSCATINE, Appellee,**

**Stanley Consultants, Inc., Intervenor.**

**No. 61157.**

Supreme Court of Iowa.

Feb. 21, 1979.

John C. Stevens, of Lewis & Stevens, Muscatine, for appellants.

Patrick M. Ryan, of Eckhardt, Goedken, Hintermeister & Ryan, Muscatine, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and ALLBEE, JJ.

ALLBEE, Justice.

This appeal was taken by plaintiffs, Robert and Dorothy Shoemaker, from a ruling which sustained a motion by defendant, City of Muscatine, to dismiss division IV of plaintiffs' petition. Because that ruling was interlocutory and plaintiffs failed to seek and obtain permission to appeal in advance of final judgment, this appeal must be dismissed.

Plaintiffs' property was condemned as part of Muscatine Urban Renewal Project 2. The compensation commission awarded damages of $82,500. Plaintiffs appealed to the district court. Their petition was in three divisions. Division I alleged that the award of the compensation commission was inadequate, and demanded damages of $110,000 for the taking of plaintiffs' property. Division II claimed that several defects existed in the condemnation procedure. That division sought an injunction to prevent destruction of the building on plaintiffs' property and asked the court to vacate the condemnation proceedings because they were null and void. Division III attempted to challenge the city's legislative authority to initiate the condemnation proceedings.

Subsequent to the filing of plaintiffs' petition, Stanley Consultants, Inc. intervened. That entity alleged that it had contracted with the city to construct an office building on a parcel of land which included the plot owned by plaintiffs. It was also alleged that any delay in construction caused by an injunction against the demolition of plaintiffs' building would cause Stanley Consultants damages in specified amounts.

The district court, Max Werling, Judge, denied the temporary injunction. The building on plaintiffs' property was immediately demolished. Plaintiffs therefore amended their petition by adding division IV. That division alleged a trespass in that the city had come upon plaintiffs' land and destroyed their building. It asked for $110,000 in actual damages and $110,000 in exemplary damages.

Subsequently, on defendant's motion, the district court dismissed division III of the petition because it was an untimely challenge of the city's exercise of its initiatory legislative power to condemn plaintiffs' property. No appeal was taken from this dismissal.

Finally, in response to another motion by the city, the district court dismissed division IV. This was done on the basis that the allegations in that division were essentially

the same as those in the now dismissed division III, so that division IV ought to also be dismissed as being an untimely attack on the city's initiatory legislative action. The ruling also held that an action for trespass against the city was an alternative theory which defendant had lost by electing to appeal from the condemnation award. Plaintiffs' present appeal is from that order. Defendant has moved for dismissal of the appeal because it is interlocutory.

The question which is dispositive of the appeal is whether this court has jurisdiction to hear this case. In order to sustain this court's jurisdiction, plaintiffs' appeal must be from a final judgment or order of the district court. R.App.P. 1.

A final judgment was defined in *Johnson v. Iowa State Highway Comm'n*, 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965), as one which conclusively adjudicates all the rights of the parties. It must put it beyond the power of the court which it made to place the parties in their original position. Any ruling or order which is not finally decisive of the case is therefore interlocutory. *Id.* at 813, 134 N.W.2d at 918.

■ Thus, an order dismissing only part of a petition is interlocutory. *Bigelow v. Williams*, 193 N.W.2d 521, 522–3 (Iowa 1972); *cf. Johnson v. Iowa State Highway Comm'n*, 257 Iowa at 813, 134 N.W.2d at 918 (order granting motion to strike some allegations but leaving others to try is interlocutory); *Forte v. Schlick*, 248 Iowa 1327, 85 N.W.2d 549 (1957) (motion to strike); *Goldstein v. Brandmeyer*, 243 Iowa 679, 684, 53 N.W.2d 268, 271 (1952) (motion to strike). *See generally* 4 C.J.S. *Appeal and Error* § 116 at 332 (1957). This is because the trial court still has the power to overrule its own decision in dismissing only a single division of the petition. *See Gigilos v. Stavropoulos*, 204 N.W.2d 619, 622 (Iowa 1973); *Kuiken v. Garrett*, 243 Iowa 785, 791–3, 51 N.W.2d 149, 153–4 (1952).

■ There is, of course, language in *Bigelow v. Williams* to the effect that if the dismissed division alleges a distinct cause of action separable from others in the petition, dismissal of that division is a final judgment. This statement must, however, be read in light of the authority cited in its support: *McGuire v. City of Cedar Rapids*, 189 N.W.2d 592, 598 (Iowa 1971). As was explained in *McGuire* and later in *Bennett v. Ida County*, 203 N.W.2d 228, 232–4 (Iowa 1972), the result in *McGuire* depended upon the fact that there were two defendants whose interests were severable. Thus dismissal of one defendant could have no effect on the other. *See McGuire*, 189 N.W.2d at 597–8. It was this independent basis of liability against each defendant which provided the "distinct line of demarcation," 189 N.W.2d at 598, which rendered the causes of action against each defendant separable from those against the other. Therefore, while the *McGuire* rule would not apply to all cases involving multiple defendants, *see, e. g., Bennett v. Ida County*, 203 N.W.2d at 232–3, it could not apply to any case not involving multiple defendants. *See also Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302–3 (Iowa 1975). Any suggestion to the contrary in *Bigelow v. Williams* is dicta and is not to be followed.

■ The present situation, which has arisen in the civil context, must be distinguished from similar situations which occasionally arise in criminal proceedings. In criminal prosecutions, when separate charges are brought against a single defendant in separate counts of a single information or indictment and an order dismisses such a separate charge, that order is appealable. *State v. Lekin*, 271 N.W.2d 697, 700 (Iowa 1978). The different result in criminal cases is dictated by the fact that if the dismissing order is reversed the defendant may be required to stand trial on the charge involved. The policy in favor of prompt disposition of criminal cases illustrated by constitutional and statutory speedy trial requirements, *see* U.S.Const. amend. VI; Iowa Const. art. 1, § 10; R.Crim.P. 27(2), demands that appeals from such orders not be delayed pending the outcome of proceedings on other separate charges. While there is a need for prompt

disposition of civil cases as well, that need is outweighed by the policy favoring avoidance of piecemeal appeals.

■ Because issues remain to be tried under divisions I and II of plaintiffs' petition, the rights of the parties have not been finally determined. In the absence of an allowance of interlocutory appeal under R.App.P. 2, this court is without jurisdiction.

APPEAL DISMISSED.